ABE. MAYER v. O. F. RAMSEY.

1. ESTOPPEL.—If one acts in such a manner as intentionally to make another believe that he has no right, or has abandoned it, and the other, trusting to that belief, does an act which he would otherwise not have done, the party whose conduct thus induces the act, will be restrained from asserting his right, unless it be such a case as will admit of compensation in damages; and this is not changed by the fact that the party against whom the estoppel is claimed acted with a knowlege of the facts, but under a mistake of his legal rights.

2. EQUITABLE ESTOPPEL—PRACTICE.—An equitable estoppel may be proven under a plea "not guilty," in trespass to try title.

.3. APPROVED.—Burleson v. Burleson, 28 Tex., 416; Page v. Arnim, 29 Tex; Johnson v. Byler, 39 Tex., 610.

APPEAL from Panola.    Tried below before the Hon. George Lane.

Suit brought by A. Mayer, the appellant, against Ramsey, in trespass to try title.    Ramsey answered "not guilty," and

twelve months' occupancy of the land in good faith, and that he had made permanent and valuable improvements.

It was agreed on the trial, that both parties derived title from a common source—one G. G. Soap; appellant read in evidence a deed from Soap to M. Mayer, dated August 3d, 1862, and a deed from M. Mayer to himself, for the land in controversy, dated August 5, 1862. Appellant then closed.

Appellee read in evidence a judgment of the District Court of Panola County, in favor of I. D. Moorer, and against E. C. DeLoach and G. G. Soap, for $251.75, which was rendered on the 25th June, 1860, and an execution thereon issued February 4, 1861, after an agreed stay of execution, which was returned " no property found." Appellee then, after proving that G. G. Soap was dead, read in evidence the petition of B. B. Lacy for letters of administration, with the order for his appointment, &c., as administrator of the estate of G. G. Soap, at the November Term, 1869.

At the March Term, 1870, of the County Court of Panola county, I. D. Moorer filed his petition for the sale of the land to satisfy his judgment The order was made, and at the February Term, 1871, a report was made that I. D. Moorer had become the purchaser, and the sale was confirmed.

The deed from Lacy, as administrator, and to I. D. Moorer, was executed on the 20th of April, 1872, and on the same day Moorer conveyed to Ramsey, the appellee.

The appellee was introduced as a witness, and testified that in 1869 he stopped on his return home from Navarro county, in Henderson, for the sole purpose of seeing the appellant about buying the land in controversy; that Mayer then told him that the land was sold, to which Ramsey replied that he thought not; that at least he had not heard of it; that Mayer then told Ramsey that the land had been sold on the first Tuesday in that month, (December,) to satisfy a judgment lien which I. D. Moorer held against the land to secure a debt due from G. G. Soap and E. C. DeLoach; that Moorer had satisfied him (Mayer) that if he did not come and settle that

judgment that the land would certainly be sold; Ramsey then asked Mayer what the amount of the judgment was, and was informed by him that it was two hundred and fifty dollars; Ramsey then asked Mayer why he did not pay it, for the land was worth more that, and was answered by him that he could manage the money, and could not manage the land; he must therefore let the land go, and would have no more to do with it. Ramsey further testified that he bought the land from I. D. Moorer, in October or November, 1870, and in September, 1871; that Mayer came to his house to request a compromise, and asked him if he would take certain notes which he, Mayer, held against the judgment lien as collateral security, and surrender the land to Mayer. Ramsey answered that he had no compromise to make; that he had no deed to the land yet; that he had only I. D. Moorer's bond for title, and told plaintiff to go to Moorer; that plaintiff then remarked, that a poor compromise was better than a rich law suit. The evidence showed that Ramsey paid about $400 on the land before this suit was brought, and had made improvements valued at from $250 to $300. G. G. Soap and his family lived on the land in 1860.

The court, among other charges not necessary to notice, charged the jury that if Ramsey made the purchase fairly, induced thereto on account of the disclaimer of Mayer to ownership of the land, or if said Ramsey made such purchase from Moorer at the instance of Mayer, or on his representing Moorer as the person who had the right to the land, or that Mayer had no claim to the land, then they should find for defendant Ramsey.

Verdict and judgment for Ramsey, from which Mayer appealed, assigning, among other alleged errors, error in the said charge.

*Booty & Baker*, for appellant.—Evidence establishing an estoppel *in pais* cannot be introduced in absence of plea setting it up when objected to. An estoppel is an equity that

must be specially pleaded, and cannot be proved under the plea of not guilty. (Ayres *v.* Duprey, 27 Tex., 604.)

The evidence of Ramsey does not establish an estoppel. (Burleson *v.* Burleson, 28 Tex., 415; Love *v.* Barber, 17 Tex., 318.) Mayer's deeds were on record; had been since Ramsey lived in Panola county; was familiar with the facts; Mayer lived in Rusk county; had received message from Moorer. Ramsey knew then, or might have known, and it was his duty to know, all about Moorer's title or claim. Ramsey knew that appellant did not know of it. Appellant only declined to do anything when Ramsey called on him in Henderson, because he did not know the condition of Moorer's title. But Ramsey says that appellant afterwards called on him for a compromise, and even then Ramsey had neither paid for the land or acquired a deed from Moorer. So Ramsey was then certainly notified that appellant had not surrendered his title; appellee had done nothing by which he would have been damaged in refusing to take Moorer's title. The whole of Ramsey's evidence on the subject of estoppel shows that appellant did not intentionally mislead him, or commit or attempt to commit a fraud on him, nor did he mislead him or do or say anything that should have had a tendency to mislead him, as Ramsey was better informed than appellant, or might have fully informed himself; for appellee had notice of appellant's title, and full knowledge of the title he was getting from Moorer. The appellee does not say he was influenced by appellant to purchase of Moorer. (Fowler *v.* Stoneum, 11 Tex., 478.)

*Drury Field,* for appellee.

*J. G. Hazlewood,* also for appellee.

GOULD, ASSOCIATE JUSTICE.—Under the charge of the court, the defendant was only entitled to a verdict in case the jury believed that he had established the fact that he was induced to buy by the disclaimer of plaintiff when applied to, to sell

the land, and his representations then made, that he did not claim the land, but that Moorer was the person to apply to. The charge, in fact, was, that the plaintiff showed in himself the legal title, and, assuming the invalidity of defendant's title, submitted to the jury only the defense of estoppel. If that defense was sufficiently established, it is unnecessary to examine questions bearing only on the legal sufficiency of defendant's title.

We think that the evidence of defendant, taken as true, justified the jury in finding that he was induced to buy the land of Moorer by the disclaimer of plaintiff; that the disclaimer was made under circumstances which justified the defendant in acting upon it, and that the defendant would be prejudiced if the plaintiff were allowed to set up against him the title which he had, with knowledge of the facts, deliberately disclaimed.

The doctrine of equitable estoppel is thus stated in the opinion in the case of Burleson *v.* Burleson, 28 Tex., 416, quoting from the opinion of Justice Pearson: "If one acts in such a manner as intentionally to make another believe that he has no right, or has abandoned it, and the other, trusting to that belief, does an act which he would otherwise not have done, the fraudulent party will be restrained from asserting his right, unless it be such a case as will admit of compensation in damages." (See Bigelow on Estoppel, 600; Love *v.* Barber, 17 Tex., 317; Williams *v.* Chandler, 25 Tex., 11; Scoby *v.* Sweatt, 28 Tex., 714; Page *v.* Arnim, 29 Tex., 53.)

If Mayer acted with knowledge of the facts, but under a mistake as to his legal rights, he, and not Ramsey, should suffer from the mistake. (Storrs *v.* Barker, 6 Johns. Chan., 166.) And if at the time when Mayer again determined to assert his rights, Ramsey had not yet paid for the land for which he had contracted, (as to which the evidence is not clear,) whatever equitable rights, if any, Mayer may have had, as against Moorer, to the unpaid purchase-money, he was none the less estopped from disputing Ramsey's title. No question

is presented by the assignments of error, as to the amount or character of the evidence, necessary to establish an estoppel.

It is contended, and the point was reserved by bill of exceptions, that the defense of equitable estoppel should have been specially pleaded, and that it was error to admit evidence to establish it under the plea of not guilty. The practice of allowing equitable defenses of this character to be set up in this way, is believed to have generally prevailed in the courts of this State, has been recognized by this court, and it is too late now to question its propriety. (Johnson *v.* Byler, 38 Tex., 610.)

If the plaintiff was taken by surprise by the introduction of evidence of estoppel, he failed to set it up in his motion for a new trial.

We see no error in the proceedings of the court below, and the judgment is affirmed.

AFFIRMED.