## T. C. MARS v. E. C. MORRIS.

### Decided December 12, 1907.

**1.—Deed—Call for Distance.**

Where a call in a conveyance of land was to run east from an established corner "1570, a stake," omitting the unit of measure, but the other calls were for measure in varas and the same was necessary in this one to make the lines close, the call will be taken as one for a distance of 1570 varas.

**2.—Trespass to Try Title—Common Source—Evidence.**

To prove claim of title by defendant from a common source plaintiff should have been permitted to ask defendant if he went into possession of the land in controversy under the deed, which had been introduced in evidence, from the grantor through whom plaintiff also claimed title. But the error was harmless where the fact was proven by other and undisputed evidence.

**3.—Outstanding Title—Evidence—Charge.**

The admission of deeds to other parties of land out of the same survey, offered by defendant, was proper to show outstanding title in third parties only in case of evidence showing the land in controversy to be included in that so conveyed, and in the absence of such evidence an instruction to find for defendant if his deed and those to such third parties covered the entire number of acres of land included in the survey was erroneous.

**4.—Evidence, Irrelevant and Prejudicial.**

Evidence considered and held improperly admitted because irrelevant to the issues and at the same time prejudicial to appellant before the jury.

**5.—Trespass to Try Title—Pleading—Estoppel.**

One claiming under a deed of gift would be estopped from claiming title to the land by proof showing an estoppel of his grantor to claim it as against the defendant. And such estoppel could be shown, under plea of not guilty in such action, without special pleading, by proof that the conveyance by the one constituting the common source of title, (which designated the boundaries by

calls for course and distance that would not include the land in controversy) was accompanied by a parol designation by the grantor of special landmarks bounding the tract sold and including in it the part in controversy.

### 6.—Deed—Intent—Charge.

In the absence of evidence that a grantor intended by his conveyance to convey other land that his deed described, it was error to submit to the jury an issue as to what was his intent in so conveying.

### 7.—Estoppel—Pointing out Boundaries—Charge.

Instructions considered and held to submit clearly and correctly the issue of estoppel of a grantor as to the boundaries of the land conveyed by him by his act in pointing out fixed landmarks, a stake and fence not called for by the deed, as the boundary of the land he was selling.

### 8.—Limitation—Registered Deed.

A conveyance which does not, by the description it gives, cover the land in controversy, cannot be made the basis of limitation by possession for five years under a deed duly registered, though the grantor be estopped, by his parol designation of boundaries, from claiming that such land was not included; nor was payment of taxes on the land described in such deed payment on such as would pass thereby only by estoppel.

Appeal from the District Court of Hopkins. Tried below before Hon. R. L. Porter.

*L. S. Schluter* and *C. E. Sheppard,* for appellant.—It is not competent in trespass to try title, in the absence of allegation and proof of fraud, misrepresentation or mistake, to permit the defendant to show that the deed under which he claims was intended to embrace land not in fact included in the description. Watts v. Howard, 77 Texas, 71; Gulf, C. & S. F. Ry. Co. v. Richards, 11 Texas Civ. App., 95; Kirby v. National Bank & Investment Co., 22 Texas Civ. App., 257; Dawson v. McLeary, 25 S. W. Rep., 707.

To constitute a basis for the five years statute of limitations the deed must, by its own terms, or by reference to some other registered deed, identify the land and this deed from Mars to Morris does not identify nor describe the land in controversy and it was error for the court to permit the jury to consider it in connection with such a plea of limitations. Murphy v. Welder, 58 Texas, 235; Clark v. Kirby, 25 S. W., 1096.

*Templeton, Crosby & Densmore,* for appellee.

WILLSON, CHIEF JUSTICE.—Appellant's suit against appellee was to try the title to 43 32-100 acres of the Joshua B. Hill survey in Hopkins County. His petition, in the form usual in such suits, was filed in the District Court of Hopkins County on January 8, 1906. Appellee answered by a general demurrer, a general denial, a plea of not guilty, a plea setting up the statute of limitations of five years, and a suggestion that he had in good faith made permanent and valuable improvements on the land. By a supplemental petition appellant demurred to appellee's answer, and averred that the improvements made by appellee on the land, were made within twelve months before his suit was filed and after same was filed, and with a knowl-

edge at the time on appellee's part that he had no interest in nor title to the land; and appellant further averred that if appellee in good faith held possession and made the improvements claimed to have been made by him, and was allowed to recover for same, that he should be allowed to recover as against appellee the rental value of the land, which he alleged to be $100 per year. On a trial had February 2, 1907, the jury returned a verdict in favor of the defendant, and accordingly on that date a judgment was rendered and entered in favor of appellee.

By his deed dated July 23, 1900, and filed for record September 15, 1900, for a consideration of $1670 paid and to be paid to him, one J. H. Mars conveyed to appellee a tract of land described as containing "by estimate" 334 acres, and otherwise described as follows:

"Beginning at the southwest corner of the J. B. Hill survey; thence north to the northwest corner of said survey 1200 vrs. a stake; thence east with the north boundary line of said survey 1570, a stake; thence south to the south boundary line of said Hill survey 1200 vrs. a stake; thence west to the southwest corner of said survey 1570 vrs. to the place of beginning, containing by estimate, 334 acres of land of the J. B. Hill headright survey."

By his deed of gift dated February 15, 1904, said J. H. Mars conveyed to his son T. C. Mars, appellant, a tract of land described as containing "by estimate" 20⅛ acres, and otherwise described as follows:

"Beginning 1570 vrs. east from the southwest corner of the said J. B. Hill survey at E. C. Morris' southeast corner in said Hill survey; thence east 100 vrs. to the southwest corner of a tract sold to Alvin Gregg; thence north 1200 vrs. to the north boundary line of Hill survey; thence west 100 vrs. to the northeast corner of E. C. Morris' tract in said survey; thence south 1200 vrs. to the place of beginning, containing by estimate 20⅛ acres of land."

It appears from the evidence that the distance from the northwest corner of the tract of land purchased by appellee of J. H. Mars to a bois d'arc stake at the northwest corner of a tract of land in the same survey owned by one Gregg, according to one surveyor who testified is 1774 varas, and according to another surveyor who also testified is 1778 varas. The call in appellee's deed from his northwest corner is: "Thence east with the north boundary line of said survey 1570, a stake." The unit of measure is omitted in the call, but the other calls in the deed are for varas, and we think this call must be treated as a call east 1570 varas. Because of representations made to him by J. H. Mars, at the time he purchased the land, appellee contends that his north line extends to the bois d'arc stake at the northwest corner of the Gregg tract, and that his east line extends thence south with Gregg's west line, and so includes, with the other calls in his deed, the land in controversy. Appellant's contention is that the appellee's north line should not be extended farther east than the distance—1570 varas—called for in his deed, and that the strip 208 by 1200 varas

along the west boundary line of the Gregg tract passed to him by his father's deed. It appears from the evidence that J. H. Mars owned a part of the Hill survey bounded on the north, east and west by inclosed land, and on the south by uninclosed land. The land on the west was owned by one McAnear, and that on the east by one Gregg. Appellee, a stranger in the neighborhood in which the land was situated, and ignorant of its boundaries, with a view of purchasing the tract owned by J. H. Mars in the Hill survey, went over it, along Gregg's west line as marked by his fence, and at his northwest corner found a bois d'arc stake. Another stake west from this one was pointed out to him by McAnear, who owned the land adjoining on the west, as marking the northwest corner of the Mars tract. After so inspecting the land appellee went to see said J. H. Mars, who lived in another county, and proposed to purchase from him the tract of land. Appellee testified that for the purpose of identifying it he inquired of Mars if the bois d'arc stake at the northwest corner of the Gregg land was the corner of his land; that Mars replied that it was—that the land he owned was against Gregg's—and at the same time informed appellee that he supposed the stake pointed out to him by McAnear was the northwest corner of the tract he (Mars) owned on the Hill survey; that his (Mars') proposition was to sell appellee the land he owned on that survey; that he thought the tract contained about 334 acres, and that he wanted $5 per acre for it; that on this basis the sale was consummated—appellee paying to Mars $270 in cash and executing and delivering to him seven notes for $200 each, payable respectively on or before November 1, 1901, 1902, 1903, 1904, 1905, 1906 and 1907, and secured by the vendor's lien expressly retained in them on the land. Testifying for appellant, Mars denied having made the representations charged to him by appellee. The deed executed by Mars and delivered to appellee in consummating the sale was made July 23, 1900. By November 15 following appellee had inclosed the entire tract between the McAnear land on the west and the Gregg land on the east by a fence; and during October, 1900, built a cow shed and barn on the strip thereof now in controversy. He constructed a dwelling house on the other part of the land which, with a part of the land, he sold to one France in January, 1904. In the fall of that year he built a dwelling house on the land in controversy. Appellee testified that he intended to buy, and believed he had bought, and that his deed conveyed, all of the tract owned by Mars on the survey. When he sold to France in 1904, he ascertained that there was in the tract an excess of, as he thought, about 20 acres over the quantity (334 acres) specified as conveyed by his deed. Neither appellee nor Mars was sure as to the quantity in the tract at the time the contract for the sale and purchase of the land was made. The deed consummating the sale specified the quantity of land thereby conveyed as 334 acres "by estimate." On February 29, 1904, before several of them were due, appellee paid to Mars the amount of the notes given for the land, and in addition to such amount, representing as the parties testified unearned interest, paid to him the sum

of $100 according to Mars, or $140 according to appellee. Before these notes were paid appellee had informed Mars that he thought there was an excess in the tract of about 20 acres over the 334 acres called for in his deed. The deed of gift from J. H. Mars to appellant was dated February 15, 1904. Appellee's deed was filed for record on September 15, 1900. It was shown that appellant rendered and paid taxes on land in the Hill survey as follows: for the year 1901, on 335 acres; for the year 1902, on 414 acres; for the year 1903, on 413 acres; for the year 1904, on 194 acres; for the year 1905, on 194 acres; and for the year 1906, on 197 acres. In January, 1904, he sold 175 acres of the tract conveyed to him by Mars to H. W. France, who rendered and paid the taxes thereon for the years 1904, 1905 and 1906.

To prove that he and appellee were claiming title to the land from a common source, appellant asked appellee while he was on the stand as a witness if he went into possession of all the tract west of the Gregg land under the deed to him from J. H. Mars. The question was objected to by appellee and the objection was by the court sustained on the ground that appellee should not be required to state under what claim of title he went into possession of the land. By his first assignment of error appellant complains of this action of the court. The deed from J. H. Mars to appellee having been introduced in evidence, we think the objection made to the testimony should have been overruled. But the other testimony in the case established beyond question that appellee did go into possession of the land and claim title thereto solely under the deed to him from J. H. Mars. The error therefore was harmless.

Over appellant's objection that same was prejudicial to his rights and did not tend to show title in appellee to the land in controversy, the court admitted in evidence a deed dated January 29, 1874, conveying to W. B. Ward from the owner thereof 200 acres in a square in the northeast corner of the Hill survey. The admission of this deed as evidence is assigned as error, as is also the charge of the court with reference to it and others admitted as evidence for a like purpose, as follows: "The deeds to Ward, Lowe and Gregg, which have been introduced in evidence are sufficient to convey 860 acres out of the north and east parts of the Joshua B. Hill survey. Now, if you believe from the evidence that the said Hill survey in fact contains not exceeding the number of acres conveyed by Mars to the defendant in addition to and besides the 860 acres deeded to Ward, Lowe and Gregg, then the said J. H. Mars had not title to any land in the Hill survey except the land conveyed by him to the defendant, and in such case you should return a verdict for the defendant, unless you believe that before selling to defendant Mars and Gregg agreed on the boundary line between them."

To defeat appellant's suit under his plea of not guilty, appellee had a right to show, if he could, that the legal title to the land was not in J. H. Mars at the time he conveyed to T. C. Mars, but was outstanding in someone else. Evidence that after giving to others owning land in the survey by title superior to that of Mars the

quantity of land they were entitled to, there would not be left in the survey more than the 334 acres Mars had conveyed to appellee, might tend to show such an outstanding title, if accompanied by testimony showing that the boundaries of the lands so owned by others, had not been so fixed as to exclude any claim on the part of such owners to the land in controversy. An objection, therefore, to the admission of a deed when offered for such a purpose should not be sustained. But if in connection with it, other evidence such as has been indicated is not offered, it should, we think, on motion be excluded. Had such a motion been made with reference to this deed we think it should have been sustained, because we have been unable to find in the record any evidence tending to show that any of the land in controversy was included within the boundaries of the deed objected to. And the statement made with reference to this deed applies as well to the Lowe and Gregg deeds. The east boundary line of the land in controversy, from the uncontroverted evidence in the case, seems to be identical with the line marked by Gregg's fence and recognized and established as his west boundary line. If, as we understand them to be from the evidence, the lines mentioned as so marked are identical, in the absence of other testimony than that in the record, the charge complained of should not have been given. (Jones v. Powers, 65 Texas, 215.)

Over appellant's objection that the same did not show the nature of the contract of sale between him and J. H. Mars and was immaterial and prejudicial to his rights, appellee was permitted to testify that J. H. Mars refused to permit him to pay certain of the notes he had executed for the purchase money of the land before they matured until he had paid said J. H. Mars about $140 unearned interest. We are unable to see how this testimony could be regarded as tending to show that J. H. Mars had or had not conveyed to appellee the land in controversy. It was, we think, inadmissible, and, on the issue of an estoppel claimed by appellee, calculated to prejudice appellant's contention in the minds of the jury.

On the ground that the deed from J. H. Mars to appellee was so plain and unambiguous as not to permit of oral proof in explanation of its meaning, and that appellee had no pleadings authorizing evidence of fraud, misrepresentation or mistake to affect the same, appellant objected to appellee's testimony to the effect that at the time he purchased the land J. H. Mars represented to him that the tract of land he was selling him was against the Gregg land, that the bois d'arc stake at the northwest corner of the Gregg tract was the northeast corner of his (Mars') tract, that he thought his tract contained about 334 acres, etc. The objection was overruled, and this is complained of in the fourth assignment of error. We think the testimony properly was admitted. Under a plea of not guilty a defendant can defeat a recovery by plaintiff by proving as against him an estoppel. (Mayer v. Ramsey, 46 Texas, 376; Guest v. Guest, 74 Texas, 664.) Claiming, as appellant does, under a deed of gift from J. H. Mars, he would be bound by representations which would operate to estop said J. H. Mars. If appellee intended, and

J. H. Mars understood him as intending to purchase the tract of land, and not 334 acres out of same, and if, so understanding, Mars made to appellee the representations claimed to have been made to him, and if appellee relied upon and to any extent was thereby induced to consummate the purchase of the land, there can be no doubt, we think, as to the effect as against said J. H. Mars of the representations so made by him. He would be estopped from asserting in himself title to any of the land embraced in the tract as he represented it to appellee to be. The rule which forbids evidence to vary or contradict or explain the plain and unambiguous language of a deed is not infringed by permitting the representations to so operate. As said in Wright 'v. Doherty, 50 Texas, 41, "an estoppel does not give an estate, or divest another of an estate in lands, but merely binds the interest by a conclusion which precludes the party against whom it operates from asserting or denying the state of the title." (Regan v. Milby, 21 Texas Civ. App., 21; McCrory v. Lutz, 62 S. W. Rep., 1094.)

In the court's main charge and in a special charge given at appellee's instance, the jury in effect were instructed to find for appellee if they believed from the evidence that J. H. Mars by his deed intended to convey the land in controversy and appellee intended to purchase same. The action of the court in so instructing the jury is complained of in appellant's fifth and sixth assignments of error. There was no evidence tending to show that by a mutual mistake of the parties the deed failed to embody their common intention. On the contrary, the evidence strongly indicates that J. H. Mars at the time he executed the deed, whatever may have been his intention prior thereto, did not thereby intend to convey the land in controversy. Because on an issue not made by the evidence, we think the instructions complained of were erroneous.

At the request of appellee the court charged the jury as follows: "If you believe from the evidence that at the time and before the making of the deed by J. H. Mars to defendant there was a bois d'arc stake at what was supposed to be the northwest corner of the Gregg 500 acres and at the northeast corner of the strip of land in controversy and that what was supposed to be the Gregg west boundary line was marked by a fence, and if you further believe that at the time and before the making of said deed the said Mars and defendant knew where the said Gregg fence and line were located, and if you further believe that the said Mars represented to defendant that the said Gregg line was his east boundary line and agreed with defendant that for the consideration named in the said deed he would convey to defendant all the land owned by him in the Joshua B. Hill survey lying west of said Gregg line, and if you further believe that the defendant relied on said representations and agreement and was thereby induced to buy the said land of the said Mars and believed from the representations made to him by the said Mars that the said Mars was conveying to him by said deed all the land owned by him in said Hilll survey lying west of the said Gregg line, and if you further believe that but for said representations defendant would not have bought the land

of the said Mars, then the said Mars and the plaintiff who claims under him would be estopped from denying that the said Gregg line was the true east boundary line of the land conveyed to defendant by the said deed, and in such case you should find for the defendant." As we view the evidence in the record this charge clearly and correctly presented the issue in the case. If under the circumstances stated in the charge J. H. Mars made to appellee the representations charged to him, appellant would be bound thereby and should fail in his suit. If J. H. Mars did not make to appellee the representations charged, nor others sufficient to estop him, then appellant should recover the land in controversy. On the record before us, the charge presented, and properly, the controlling issue in the case.

Appellant's ninth assignment of error complains of that part of the court's charge which submitted to the jury as an issue in the case appellee's claim of title under the statute of limitations of five years. The evidence in the record seems clearly to show that the distance from the northwest corner of the land claimed by appellee under the deed to him from J. H. Mars, on a direct line east to the northeast corner of the land in controversy, is 1774 or 1778 varas. The call in appellee's deed east from his northwest corner along such direct line is for a distance of 1570 varas to a stake. The calls from this point are south 1200 varas, and then west 1570 varas. These calls satisfied, according to the evidence, exclude from the description in appellee's deed the strip 204 or 208 varas by 1200 varas in controversy. Only by a resort to other evidence, as showing the intention of the parties, for instance, could the description in the deed be applied to the land in controversy. Therefore, and because it did not appear that appellee had rendered and paid the taxes on the land in controversy during the period necessary to the operation of the statute in his favor (Bassett v. Martin, 83 Texas, 344), appellee's deed should not have been held to be sufficient as a basis for a charge authorizing the jury to find in his favor under the five years statute of limitations. (Bassett v. Martin, 83 Texas, 344; Jones v. Powers, 65 Texas, 215; Brokel v. McKechnie, 69 Texas, 32.)

For the errors indicated the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*