**BIRGE–FORBES CO. et al. v. WOLCOTT.†**

(No. 441.)

(Court of Civil Appeals of Texas. El Paso. April 29, 1915. Rehearing Denied May 20, 1915.)

1. TRESPASS TO TRY TITLE ⬦⟹32—PETITION —BOUNDARIES.

In trespass to try title, a petition is not demurrable because it does not state that the boundaries set forth are correct, where the description set forth corresponds accurately with that in the title papers, and the objects called for by such description are to be found as set out.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41; Dec. Dig. ⬦⟹ 32.]

2. JUDGMENT ⬦⟹18 — VARIANCE — DESCRIPTION.

Where plaintiff in trespass to try title alleges that his lands are described as in his petition, and defendants allege that their lands contiguous to those of plaintiff are not described as plaintiff alleges, it does not follow as a

legal conclusion that a judgment thereon for plaintiff would not be supported by allegation and proof.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 34–37; Dec. Dig. ⊂⇒18.]

3. ESTOPPEL ⊂⇒110—PLEADINGS AND PROOF —EQUITABLE ESTOPPEL.

Under Rev. St. 1911, art. 7740, providing that under a plea of not guilty defendants in trespass to try title may give in evidence any lawful defense except limitations, defendants may, under that plea, prove equitable estoppel.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 300; Dec. Dig. ⊂⇒110.]

4. PLEADING ⊂⇒130—ISSUES AND PROOF— SPECIAL PLEAS.

It is only where a defendant seeks affirmative relief upon the issues he desires adjudicated that he is required to specially plead his equities.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 276, 283; Dec. Dig. ⊂⇒130.]

5. ADVERSE POSSESSION ⊂⇒110—PLEADING— DESCRIPTION.

In trespass to try title, where defendants claim title by adverse possession to some of the land, and disclaim as to other parts, an answer, failing to describe the lands claimed so they may be identified, is demurrable.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 636–645; Dec. Dig. ⊂⇒110.]

6. NEW TRIAL ⊂⇒5—GROUNDS—TRESPASS TO TRY TITLE—ERROR IN TAXING COSTS.

Error in taxing costs in trespass to try title is not ground for a new trial, since it may be corrected by motion to retax.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 21–26; Dec. Dig. ⊂⇒5.]

Harper, C. J., dissenting.

Appeal from District Court, Martin County; S. J. Isaacks, Judge.

Action by G. W. Wolcott against the Birge-Forbes Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Jesse F. Holt, of Sherman, and Morrison & Morrison, of Big Springs, for appellants. J. M. Caldwell, of Midland, for appellee.

WALTHALL, J. This was a suit by appellee, G. W. Wolcott, against Birge-Forbes Company and N. B. Birge and Thomas Forbes individually, to recover title and possession of leagues Nos. 253 and 254, Ward county school lands, situated in Martin county, Tex., and to determine and locate the north boundary line of said leagues owned by appellee, and the south boundary line of leagues Nos. 259 and 260, Borden county school land in said Martin county, owned by appellants. Appellee described his said leagues by metes and bounds, claiming in his petition that the northern boundary lines of his said leagues and the southern boundary lines of appellants' said leagues were one and the same. Appellee alleged that the controversy was one of boundary, and that it was sought by the suit to fix, determine, and locate upon the ground the north boundary line of his two leagues, and the south boundary line of appellants' said two leagues. Appellants' an-

swer contained: First, general demurrer. Second, plea of not guilty, except as shall expressly appear otherwise in their answer. Third, denial that they unlawfully entered upon any of the lands described by appellee, or that they ejected him from any of said lands, or that they withheld from him the possession of any part thereof, and denied that appellee's lands are described as they are in his petition described. Fourth: (1) Averments that appellants own the leagues 259 and 260, Borden county school lands; that they lie north and adjoining the leagues 253 and 254, disclaim any interest in the lands in the boundaries of the Ward county leagues, except as shall hereinafter appear; (2) that the south boundary lines of the two Borden county leagues and the north boundary lines of the Ward county leagues are identical; that many years before the filing of the suit and while appellee was claiming the Ward county leagues, in order to locate the said line, appellee had a survey made of the Ward county leagues, or sufficient survey in order to and for the purpose of locating said line, and did locate the same; built a fence thereon, the purpose of the survey, among other things, being that he might so locate his fence thereon; that the line so defined has long been regarded by him and others, and particularly appellants and those claiming the Borden county school land leagues, as the true line, all the time since acquiesced in by appellee and the owners of the Borden county school land leagues as the true and correct line, those using and occupying same as extending to said fence understanding and believing that said fence marked the true line; (3) that appellants for a valuable consideration bought said Borden county school land leagues in 1910, and that before buying examined them, and were informed and believed the south line thereof was as located by appellee, finding their vendor in possession of said fence, and that appellants bought said leagues because they so believed and, had they known or had reason to believe appellee claimed or would claim otherwise, would not have bought said lands, or would have had the controversy settled before buying, and that appellee is estopped from claiming the line to be elsewhere; (4) "defendants and those under whom they claim and hold title have had the actual, peaceable, and adverse possession of all of said land, and had the same under fence, and have had the actual possession thereof, claiming to own the same, and using, occupying, cultivating, and enjoying the same, more than ten years prior to the institution of this suit. They hold under title and color of title and have been paying taxes thereon during all the said time, and hold under deeds duly registered and under regular chain of title or transfer from and under the sovereignty of the soil, and during all the time have claimed to own the same to said fence, and here plead

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defensively the three, five, and ten year statute of limitation of the state of Texas, in bar of plaintiff's action." Appellants' general demurrer was overruled. Appellee filed supplemental petition, containing general demurrer and exceptions directed to paragraphs 2, 3, and 4 of the fourth paragraph of appellants' answer. The court sustained the exceptions directed to paragraphs 2, 3, and 4 of the fourth paragraph of the answer. The record shows no amendment. Trial was before a jury; verdict was directed by the court.

[1] Appellants' first assignment of error complains of the action of the court in overruling appellee's general demurrer to appellee's petition, because it did not state "that the line and boundaries set out for his leagues 253 and 254, Ward county school land, were true and correct boundaries thereof," the contention being that appellee, having set forth boundaries for his leagues in controversy, should have declared that they were correct. We are of the opinion that the facts of this case are not such as to invoke the rule claimed and laid down in Roche v. Lovell, 74 Tex. 191, 11 S. W. 1079, and other cases following, in which the description in the title papers are doubtful, or the objects called for therein are not to be found, as set out, either because of original error or of subsequent change, so that the lands really claimed and sought to be recovered do not at the time of the suit, accurately correspond with the description in the title papers, thereby necessitating the petition to properly and accurately describe the land by the field notes and calls as they really exist, so that it may be readily identified by the calls in the petition, and where, under such conditions, the petition should further allege that the calls given in the petition is the true and correct description of the land owned by the plaintiff, and described in his title deeds, such allegations then become necessary explanations to show identity of the land, thus differently described, and avoid variance. We think, also, the petition was good as against a general demurrer. The assignment is overruled.

[2] Appellants' second assignment shows that their answer averred that appellee's leagues of land were not bounded and described as appellee described them in his petition, and that appellee, having in no way negatived said averment, a judgment rendered in accordance therewith was not supported by allegations and proof. The proposition of appellants under this assignment is that:

"Plaintiff, having set forth boundaries for his leagues in controversy, should have declared that they were correct, and particularly since defendants denied that they were thus correctly described, and since the description so stated for them is different from the originals."

We do not understand appellants' position to be that their denial that appellee's "lands are described as they are in his petition de-

scribed" is such special matter of defense pleaded as would require a traverse or denial of the statement by appellee, or else be an admitted fact. The plaintiff did not take the view that there was such conflict in the matter of description of the leagues, between that given in the original field notes and used in the petition and the land as found on the ground by R. E. Estes, as to justify the statement that the field notes used in the conveyance were not correct. If our view as expressed in disposing of the first assignment is correct, the appellee having alleged that the lands he owned were described as in his petition, and the appellants having alleged that their lands were not bounded and described as appellee had alleged, an issue of fact was formed upon which proof could be offered. We think it would not follow as a legal conclusion that a judgment rendered under that state of the pleadings would necessarily not be supported by allegations and proof, as claimed in the assignment. The appellee introduced a great many field notes of other surveys, which, in the absence of an identified map or plat to which they refer, showing the relative position of the other surveys to the lands sued for, give us no idea as to their application in the evidence in tracing out and identifying the lands in controversy, as they are found on the ground. There is a meagerness of statement in the evidence of the witness Estes as to what field notes of leagues 253 and 254 he used in running them out and locating them on the ground, and while there is some difference in the calls given by the witness in his survey in running the course and distance from those used in the pleadings, we cannot say that the two are so variant that the judgment is not supported by the proof as to the description of the leagues. The evidence of the witness, on pages 65 to 67, both inclusive, of the statement of facts, too lengthy to quote here, in the survey he made, identified the objects called for in the description of the lands in the pleadings, and we think amply sustains the judgment. The assignment is overruled.

Appellants' third assignment is as follows:

"The court erred in sustaining demurrers urged by plaintiff in his first supplemental petition, or exceptions directed against defensive pleas by defendants in their first amended original answer, as to established and agreed boundaries, acquiescence by plaintiff in boundary, and estoppels and pleas of three, five, and ten year statute of limitation, said defensive pleas being such as defendants were entitled to employ in their defense."

This assignment is followed by four propositions and statements under each, singling out and explaining the several matters to which they refer. The first proposition refers to appellants' plea of estoppel; the second, third, and fourth propositions refer, respectively, to their pleas of limitation of three, five, and ten years.

[3] To appellants' plea of estoppel the ap-

pellee presented a demurrer, which was sustained by the court, and the appellants offered no evidence to sustain their plea. We are of the opinion that the action of the court in sustaining the demurrer to the plea of estoppel pleaded as defensive matter in trespass to try title could not constitute reversible error. There is no question that in this state you may, under the plea of "not guilty," in trespass to try title prove any equitable estoppel, because article 7740, Revised Civil Statutes of Texas of 1911, provides that:

"Under such plea of 'not guilty,' the defendant may give in evidence any lawful defense to the action, except the defense of limitation, which shall be specially pleaded."

Any defense which could, under the ordinary rules of pleading, be set up by general or special denial, or in confession and avoidance, or in estoppel, may be urged upon the plea of "not guilty," except limitation or improvements in good faith. No evidence having been offered constituting estoppel, the presumption follows that none existed.

[4] It is only where a defendant seeks affirmative relief upon the issues he desires adjudicated that he is required to specially plead his equities. In this case the defendants asked no affirmative relief whatever. Johnson v. Flint, 75 Tex. 379, 12 S. W. 1120; Kauffman v. Brown, 83 Tex. 41, 18 S. W. 425; Scarbrough v. Alcorn, 74 Tex. 358, 12 S. W. 72; Mayer v. Ramsey, 46 Tex. 375; Towne's Texas Pleading (2d Ed.) pp. 622, 623.

Appellants' second, third, and fourth propositions under their third assignment present a more serious question. To appellants' pleas of limitation of three, five, and ten years, the appellee pleaded:

"Plaintiff specially excepts to paragraph 4 of the fourth paragraph of the said answer because it appears therefrom that the defendants are claiming more by adverse possession than is allowed by the statute to be so claimed, and because defendants set out no boundaries of the land so claimed by them by limitation, and of this exception he prays the judgment of the court."

[5] Their answer does not claim more land by possession under any of the pleas than is allowed by the statute. It disclaims as to all land south of the fence, and makes claim to all lands north of the fence, but does not state the acreage, nor give such description of the land north of the fence that the acreage can be estimated, nor can the acreage north of the fence be estimated by the appellee's pleading. We are of the opinion, however, that, to claim any of the lands north of the fence under any of the statutes of limitation, it was necessary that the answer in some place describe the lands claimed, so that it could be identified by the evidence when offered and applied to the lands described in the deeds, and identified as the lands excepted out of his disclaimer, and to be eliminated in the judgment from lands appellee might recover, or of which he should not be ejected or dispossessed. The necessity of such description might not follow where a defendant claims title by prescription to all of the lands sued for, or where the plaintiff in his pleading described the lands of which he has been dispossessed. It would be necessary under their pleas of three and five years' limitation for them to show that their prescription was under a deed that embraced the land in controversy. There is a complete failure to identify in any way the land excepted from the disclaimer and claimed by appellants, and we cannot say that the trial court was in error in sustaining the demurrer to the answer. Towne's Texas Pleading (2d Ed.) p. 626; Giddings v. Fischer, 97 Tex. 184, 77 S. W. 209; Lake v. Earnest, 53 Tex. Civ. App. 555, 116 S. W. 865; Bean v. Whitney, 25 Tex. Civ. App. 72, 60 S. W. 782; Runkle v. Smith, 52 Tex. Civ. App. 186, 114 S. W. 865. The assignment is overruled.

The fourth assignment complains of permitting the witness Estes to testify that he had run out the north lines of blocks 34, 35, and 36, Texas & Pacific Railway Company reserve, and state what he found along said lines and how and where he found the northwest corner of said block 36. The witness testified, from his actual work on the ground as a practical surveyor, to just what he saw and found in running out the lines. The evidence complained of is too lengthy to reproduce here. If the witness found natural or artificial objects called for in the original field notes, and if they aided him in locating the lands in dispute, the evidence was certainly admissible. It was largely a matter of discretion with the court to admit his statements. The witness speaks of and refers to a map before him. The map is not made a part of the record, and we do not know the relative positions of the points referred to. We cannot say that undue weight was given to the testimony of the witness. The assignment is overruled.

Appellants, in their fifth assignment, claim error in the charge directing the verdict for appellee, claiming a part of the evidence to be inconsistent with other testimony introduced and all contradictory to the original field notes of appellants' leagues, showing they are westward from the Texas & Pacific Railway Company's reserve lands. Appellee's contention is that the testimony showing that the Texas & Pacific Railway Company surveys are senior to the leagues in controversy; that the leagues tie to and are westward from the Texas & Pacific; that the boundaries of these leagues in the petition place them in conflict with the Texas & Pacific and differ from the field notes for his leagues; his allegations and proof showing such conflict—are inconsistent with the fact that the leagues are entirely westward from, and, being junior to, cannot lap upon, Texas & Pacific surveys, and the judgment is likewise inconsistent with the facts as to the

real location. We have read the field notes referred to by appellants in their statements under this and other assignments, claiming a conflict between some of them and the description of these leagues given in the petition, but, not having the map used on the trial showing the position of the surveys called for in the field notes, we have not been able to appreciate the strength of appellants' position that there is such inconsistency in the evidence as to the location of these leagues and the conflict with the Texas & Pacific Railway Company, surveys westward therefrom and to which they tie, so as to say that the judgment of the court is not supported by the preponderance of the evidence. The evidence of the surveyor Estes in detailing the work he did in tracing out the lines of these surveys, beginning on page 65 of the statement of facts, seem to us to sufficiently identify their location on the ground as alleged in the petition. The appellants, in the third subdivision of their answer, denied that the appellee's lands are properly described in their petition, but offered no proof on that issue. The case being strictly a boundary suit and the appellants having disclaimed as to "any interest in the lands in the boundaries of the Ward county leagues *except as shall hereinafter appear,*" and no description of the lands excepted out of their disclaimer thereafter appearing, either by pleading or proof, we are of the opinion that the disclaimer might be applied to all of the lands sued for. The assignment is overruled. What has been said in disposing of the other assignments we think applies to appellants' sixth, seventh, eighth, and ninth assignments, and they are each overruled.

[6] In the tenth assignment the appellants complain that the judgment taxes the costs against them. If it was error to tax the costs against appellants, it would not have been reason for granting a new trial, but should have been corrected by a motion to retax the costs. Lumpkin v. Woods et al., 135 S. W. 1139. The assignment is overruled.

Affirmed.

HARPER, C. J. (dissenting). The petition in this case contains: First, formal pleading in trespass to try title; and, second, allegation that it is a boundary suit, in that it is sought thereby to fix, determine, and locate upon the ground the north boundary lines of the said two leagues 253 and 254 and the south boundary line of 259 and 260, Borden county school lands.

The tenth assignment is that the judgment is without facts to support it, because there is no evidence that the defendant had any of the lands claimed by plaintiff in his possession. I have searched the statement of facts with utmost care, and fail to find any evidence that any part of the leagues as described in plaintiff's petition is in the possession of the defendant.

176 S.W.—39

The express denial by defendant that the lands owned by plaintiff are described as they are in the petition described, and the denial that he (defendant) had possession of any lands owned by plaintiff, put the burden upon plaintiff to prove that, as originally located and patented, his survey in fact included the land inclosed by the defendant. Hill v. Collier, 135 S. W. 1084.

If I understand the opinion, it holds that the defendant disclaimed as to all the land sued for, and therefore plaintiff was relieved of the proof of actual location upon the ground. It is clearly not susceptible of such construction, but shows that defendant had possession of leagues Nos. 259 and 260 and down to a fence which the plaintiff himself had located on the ground according to a former survey. The portion of defendant's answer which definitely fixed the line to which he claims title, and which is alleged by him to be the true boundary line, and which definitely fixed the portion to which his disclaimer applied, was excluded upon demurrer; thereby denied the right to introduce evidence in support of this contention. When a disclaimer makes an exception which is imperfect in its description, but which, taken in connection with the petition, can be understood to apply to a definite tract, the court will so hold and regard the issue of not guilty as applying to such part so designated. McBee v. Johnson, 45 Tex. 637. The effect of the holding in the majority opinion is that the plaintiff can describe his entire leagues upon a declaration that it is a boundary suit, not sue for the disputed strip, by metes and bounds, thereby compelling the defendant to make up the distinct issue by definitely describing the portion of the whole which he claims. This is not in accord with the rules of pleading as I understand them. The defendant, by his answer in this case, said clearly and definitely to the plaintiff:

"You have not correctly described your lands in your petition. As described, I claim all that north of a given point, because it lies in the true boundaries of my land, to wit, leagues 259 and 260, Borden county school lands."

Has further said to the plaintiff:

"Your land lies south of mine, and the true boundary line thereof is the one fixed by your former survey, and by the fence you built. As to all the lands south of that line indicated by your fence, I disclaim, because it is within the true boundaries of your leagues."

If this disclaimer was not sufficient, because it did not clearly and definitely describe the lands claimed and the lands to which he laid no claim, plaintiff should have excepted to it for that reason, thereby giving defendant a chance to amend. Since he went to trial without doing so, he should not now be permitted to say that it was not definite enough, but is a disclaimer as to all the lands sued for. Herring v. Swain, 84 Tex. 523, 19 S. W. 774.

The defendant's answer is sufficient to place the burden upon the plaintiff to prove:

First, that the description incorporated in his petition is the true description of his lands; second, to prove that according to the true description of plaintiff's lands, defendants have a certain portion of it in their possession; third, to fix definitely the boundary line between the lands by the parties; and, fourth, if, when run out on the ground according to the true description, any of it was north of the fence, or included in the lines of 259 and 260, then the further burden was upon the plaintiff to establish his title to such portion. As I view the record, none of the above have any evidence to establish them, and until the plaintiff made a prima facie case, the defendants were not required to offer any evidence. The court therefore erred in its peremptory instruction to the jury. .

If the disclaimer was broad enough to permit the plaintiff to recover without evidence, then we should reform the judgment here and tax the costs of the trial court to plaintiff, as requested in tenth assignment. Lumpkin v. Woods, 135 S. W. 1139.

The plaintiff not having met the burden of proof as indicated above, the real question in the case, to wit, the true location of the boundary line, has not been determined. Therefore the case should be reversed and remanded.

I therefore enter my dissent.