### RIGGS et al. v. WILLIS et al.
### No. 12524.

Court of Civil Appeals of Texas. Fort Worth. Jan. 24, 1931.

Rehearing Denied March 14, 1931.

Marshall & King, of Graham, and Bullington, Boone, Humphrey & King, of Wichita Falls, for appellants.

Kilgore & Rogers, of Wichita Falls, and Fred T. Arnold, of Graham, for appellees.

CONNER, C. J.

We have carefully considered the evidence in the record and feel unable to say that the trial court's findings of fact are not sufficiently supported; and those findings and the court's conclusions of law are so full and clear that it becomes unnecessary to undertake to add thereto. Accordingly, the trial court's findings of fact and conclusions of law are adopted, and the judgment is affirmed.

### On Motion for Rehearing.

The point that seems to be especially stressed in the motion for rehearing is embodied in the contention that the evidence shows that the appellee E. D. Willis is estopped from acquiring title to the 9.9-acre strip of land in controversy. We have read the case of Mars v. Morris, 48 Tex. Civ. App. 216, 106 S. W. 430, and feel no inclination to criticize the rules relating to estoppel as set forth in the opinion in that case. But in our reading of the evidence in the case before us we felt unable to say that the trial court erred in concluding that the deeds under which appellee claims define the extent of the boundary of the lands described. It is true that the evidence does show that Willis pointed out the fence on the west line of the Graham lands as the east boundary line of the original lease, but there was evidence at least tending to show, as we thought, that the conversation in which this occurred was incidental and not asserted as a fact upon which the original agreement was founded. It is to be remembered that in the conveyances of the lease under which the appellee claims there is no call for the fence or the west line of the Graham lands. There was at the time a known excess in the Kirkland lands, and we felt unable, and still feel unable, to say that the trial court erred in concluding under all of the circumstances that the estoppel claimed was not sufficiently definite and certain to preclude appellees' recovery.

The motion for rehearing is accordingly overruled.