### ALLEN v. POOL.
#### No. 4980.

Court of Civil Appeals of Texas.
Texarkana.
June 4, 1936.

Wuntch & Bindler, of Tyler, for appellant.

N. A. Gentry, J. Y. Gray, and Nat Gentry, Jr., all of Tyler, for appellee.

SELLERS, Justice.

R. P. Allen brought this suit against L. E. Pool in trespass to try title seeking to recover about ¾ acre of land located in Smith county. The defendant in his answer pleaded not guilty, and by plea of estoppel set up that he purchased from plaintiff two tracts of land, one a tract of 24.49 acres and the other containing 4.57 acres, for a consideration of $4,000; that before the trade was consummated plaintiff went upon the land with defendant and pointed out to him the boundaries of the land and that such boundaries as pointed out by plaintiff included the land sued for herein; and that he, Pool, would not have purchased said land but for such representations. There was ample evidence offered to support this plea. The case was tried before the court without a jury, and resulted in judgment for defendant, denying plaintiff title to the land. From this judgment plaintiff has duly prosecuted this appeal.

Appellant on this appeal contends that the trial court erred in rendering judgment for appellee, since it was admitted on the trial that appellee's deed did not include in the description the ¾-acre tract of land, and there was no plea of fraud, accident, or mistake which would authorize the court to hear evidence that would contradict the terms of the deed.

The appellee contends that the trial court properly sustained his plea of estoppel, which had the legal effect of denying appellant a recovery of the land. We think appellee's contention must be sustained. In the case of Mars v. Morris, 48 Tex.Civ. App. 216, 106 S.W. 430, 434, this court had a similar question before it and it was there held: "If appellee intended, and J. H. Mars understood him as intending, to purchase the tract of land, and not 334 acres out of same, and if, so understanding, Mars made to appellee the representations claimed to have been made to him, and if appellee relied upon and to any extent was thereby induced to consummate the purchase of the land, there can be no doubt, we think, as to the effect as against said J. H. Mars of the representations so made by him. He would be estopped from asserting in himself title to any of the land embraced in the tract as he represented it to appellee to be. The rule which forbids evidence to vary or contradict or explain the plain and unambiguous language of a deed is not infringed by permitting the representations to so operate."

The judgment of the trial court is affirmed.