### AMERICAN NAT. INS. CO. v. BASS et al.

#### No. 10097.

Court of Civil Appeals of Texas. San Antonio.

Dec. 1, 1937.

Rehearing Denied Jan. 5, 1938.

Frank S. Anderson, of Galveston, Mann & Mann, of Laredo, Andrews, Kelley, Kurth & Campbell, of Houston, and A. L. Dilworth, of Tilden, for appellant.

John J. Cox, of San Antonio, and L. J. Freeman and Beasley & Beasley, all of Beeville, for appellees.

SLATTON, Justice.

The American National Insurance Company brought this suit in trespass to try title, to recover title and possession to the N. E. ¼ of the S. W. ¼ of Sec. No. 60, by virtue of Land Scrip No. 65, issued to A. B. & M., recorded in Volume 1, page 270, Surveyor's Records, McMullen county, Tex., containing 40 acres of land. R. F. Bass et ux. and Argo Royalty Company pleaded not guilty. A jury trial resulted in a judgment denying the insurance company any relief.

F. A. Connable was the common source. Appellant claims title under a mortgage from F. A. Connable and A. E. Connable to P. Sweeney, dated August 1, 1911, which was foreclosed under the powers contained in the mortgage through a sale by the trustee named therein on July 4, 1916, and through a mortgage from A. E. Connable to the appellant, dated November 18, 1916, which was foreclosed through a judicial sale on May 4, 1920. Appellees claim under an unrecorded executory contract of sale dated February 1, 1909, from J. N. Kincaid, trustee, to R. F. Bass, and a warranty deed from Connable to R. F. Bass dated February 26, 1914. The appellees claimed at the time of the execution and delivery of the mortgage given by Connable to Sweeney that P. Sweeney, J. J. Sweeney, and A. E. Connable had actual notice of the unrecorded executory contract of sale between Kincaid, trustee, and R. F. Bass. The jury found that said parties had such notice, and that R. F. Bass paid the purchase-money notes described in the contract on or before their respective maturity dates.

Appellant claims the unrecorded executory contract of sale from Kincaid to R. F. Bass passed neither legal nor equitable title to the land, and the owner and holder of the legal and equitable title having mortgaged the same to P. Sweeney, and such mortgage being foreclosed before the contract of sale was fully performed by Bass, the trial court erred in rendering judgment denying it the title and possession to the land in suit.

The findings of the jury with respect to actual notice of said parties at the time of the execution and delivery of the Sweeney mortgage are not assailed on the ground that such findings have no support in the evidence. The contract between Kincaid, trustee, and R. F. Bass, dated the 1st day of February, 1909, provided for a conveyance of the land when the full consideration had been paid. The consideration, as shown by the contract, was $40 cash and five notes each for the sum of $48, due one, two, three, four, and five years after February 1, 1909.

In the case of Alworth v. Ellison, Tex.Civ.App., 27 S.W.2d 639, 640,

writ refused, it is said: "A person who possesses the right to have the legal title to property transferred to him upon the performance of specified conditions has the equitable title to the property." Here, Bass, upon the prompt payment of the consideration described in the contract of sale, had the right to compel the conveyance of the land by warranty deed from the vendor, Kincaid, trustee. Sweeney, the mortgagee of the land, took the land as security for his debt burdened with the sales contract and well knowing that the full and ·final payment of the consideration had the legal effect of placing the superior title in Bass.

A like situation was presented in the case of Aurelius v. Stewart, Tex.Civ.App., 219 S.W. 863, 865, and upon motion for rehearing it is said: "We conclude, after further study of this case, that we erred in reversing the judgment below. We have no reason to change our opinion as to the proof of possession, especially since the testimony concerning such possession rested entirely upon plaintiff's testimony. * * But we believe that the judgment must be affirmed upon the proof by Ward that the Maud Oil & Gas Company had notice of the existence of the contract between Stewart and Ward when they received the lease from Ward. If they did have such notice, and the evidence as to this feature seems uncontradicted, they had notice of Stewart's claim. Therefore the Maud Oil & Gas Company had notice. If it had such notice, defendant Aurelius did take the transfer of .such lease charged with such notice. National Oil & Pipe Line Co. v. Teel, 95 Tex. 586, 68 S.W. 979."

■ Connable undoubtedly recognized the legal effect of the transaction, for as soon as ·the consideration was fully paid he executed a warranty deed to the land and delivered the same to R. F. Bass. It is true the deed was subsequent in date to the Sweeney mortgage, but before its foreclosure. Appellant claiming under a judicial sale foreclosing a deed of trust executed by A. E. Connable, who acquired whatever interest he had in the land in virtue of a quitclaim deed from Sweeney, cannot assert the claim of innocent purchaser as against the rights of Bass. Houston Oil Co. v. Niles, Tex.Com.App., 255 S.W. 604.

A. E. Connable, according to the findings of the jury, had actual notice of the Bass contract. Then, too, in the chain of title from J. N. Kincaid to C. W. Hahl & Co., a firm composed of C. W. Hahl and F. A. Connable, there is recited: " * * and, whereas, Kincaid, Trustee, has sold and conveyed by deeds duly recorded in the Deed Records of McMullen and Duval Counties, certain portions of said lands, and has contracted for the sale of other portions of said lands by written contracts, some of which are recorded and some of which are not recorded. * * *" Also, in the deed from C. W. Hahl to F. A. Connable there is recited: "Whereas, on January 28, 1911, the said J. N. Kincaid, Trustee, by deed recorded in Volume O, pages 265-6, of the Deed Records of McMullen County, Texas, conveyed to C. W. Hahl & Company, a firm composed of C. W. Hahl and F. A. Connable, all the lands which were conveyed to him by the above described deed from Julia Rogers and Manuel Rogers, which had not been previously deeded to him, including in said deed the lands on which selling contracts had been issued, the grantee in said deed taking the said land subject to the said contracts of sale, and undertaking and agreeing to carry out and fulfill said contracts of sale according to their terms."

■ The recitations in· the chain of title, as aforesaid, actual notice of the Bass contract of sale as found by the jury, the quitclaim deed from Sweeney to appellant's grantor, and the appellant's mortgage being taken after the Bass deed was recorded, all preclude the appellant from asserting the claim of innocent purchaser.

■■ Finally, it is asserted that under the plea of "not guilty," the appellees could not assert their equitable defenses in the absence of special pleading. We are of the opinion that equitable defenses may be presented under the plea of "not guilty," 41 Tex.Jur. § 138, p. 631, and·special pleading is only required where affirmative relief is sought. Here no affirmative relief was sought by the appellees. Birge-Forbes Co. et al. v. Wolcott, Tex.Civ.App., 176 S.W. 605, and authorities there cited.

Believing all of the propositions presented by the appellant are without merit, they are overruled; and, accordingly, the judgment is affirmed.