## JOSEPH GUEST v. J. M. GUEST.

### No. 2678.

1.   **Evidence.**—The declarations of a purchaser at a judicial sale that he had bid the land in for another are admissible against him in a suit involving title, though the deed was made to the apparent purchaser; the evidence is admissible to establish a trust.

2.   **Consideration—Fact Case.**—Land was bid off at executor's sale in 1870 by one who afterwards brought suit to recover it.   The deed was made to him, which recited a consideration and reserved a vendor's lien to secure payment.   He paid no taxes on the land, and testified that he never claimed it until 1886.   The defendant testified that plaintiff had declared to him that he bid the land off for the executor; the plaintiff on the trial failed to testify that he had ever paid a consideration.   The court found as matter of fact that no consideration was ever paid for the land.   *Held,* that the facts should be deemed conclusive of the correctness of the finding of the court.

3.   **Evidence.**—Under "not guilty" in trespass to try title estoppel may be shown.

4.   **Estoppel.**—One who having the apparent title to land induces by his declarations another person to improve it, and to purchase it from one who he declared had the equitable title, is estopped to deny the title of such purchaser.

APPEAL from Red River.   Tried below before Hon. E. D. McClelland. The opinion states the case.

*Chambers & Doak,* for appellant.— 1.   The court erred in admitting the evidence of the defendant J. M. Guest tending to contradict the deed from Martin Guest to Joseph Guest, or by the way of estoppel.   McCormick v. Lennox, 1 Ct. App. C. C., 550; Hunt v. White, 24 Texas, 643.

2.   Appellee not having pleaded improvements in good faith can not by the way of estoppel, under a plea of not guilty, introduce statements made by appellant after the land was purchased by appellee, and upon which he did not act.   Texas Banking Co. v. Hutchins, 53 Texas, 61; Insurance Co. v. Lacroix, 45 Texas, 158; Banking Co. v. Stone, 49 Texas, 4; McDow v. Rabb, 56 Texas, 154.

3.   The recitals and considerations expressed in a deed will be taken to be true unless they are shown to be false.   Webb v. Burney, 70 Texas, 322; Railway v. Pfeuffer, 56 Texas, 72.

4. In order to engraft a parol trust upon a written instrument the evidence must be clear and satisfactory. Hays v. Hays, 66 Texas, 606; Moreland v. Bernhart, 44 Texas, 275; Pierce v. Fort, 60 Texas, 471.

5. The court erred in his second conclusion of law in holding that the admissions and declarations estopped plaintiff from setting up any claim against the defendants. Scoby v. Sweatt, 28 Texas, 730; McDow v. Rabb, 56 Texas, 154; Echols v. McKie, 60 Texas, 41; Watson v. Hewitt, 45 Texas, 472.

*Sims & Weight*, for appellee. — 1. The first three authorities cited have no application to the case at bar; and the case of McDow v. Rabb, 56 Texas, 154, cited by appellant, sustains the negative of the proposition relied upon by him. Rev. Stats., art. 4793; Hannay v. Thompson, 14 Texas, 142; Rodriguez v. Lee, 26 Texas, 32; McSween v. Yett, 60 Texas, 183.

2. The evidence abundantly sustains the finding of the court that the appellant paid no consideration for the land, and also sustains the finding that plaintiff bid the land off for Martin Guest. Dailey v. Starr, 26 Texas, 562; McDow v. Rabb, 56 Texas, 154.

3. "That the recitals, etc., expressed in a deed will be taken as true, unless shown to be false, and also that in order to engraft a parol trust upon a written instrument, the evidence must be clear and satisfactory," are both familiar principles; but we submit that the evidence irresistibly sustains the finding of the court that the expressed consideration was not in fact true, and that the plaintiff "bid in" the *locus in quo* for Martin Guest. Opposed to the unsupported statement of the plaintiff that he did not buy in the land in dispute for Martin Guest, are the above mentioned salient circumstances and facts.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellant against appellee. The defendant pleaded not guilty. The case was tried by the court without a jury, and the judge filed his conclusions of fact as follows:

"1. The court finds from the evidence that the land in controversy is a part of a tract of 324 acres described in the deed from Martin Guest, executor of the estate of Isaac Guest, deceased, which deed is in evidence in this cause.

"2. That the plaintiff bid in the land at the executor's sale for the executor, and had the deed made to himself, and that he paid no consideration therefor.

"3. That the plaintiff did not claim the land in controversy until about two years ago, and never did pay taxes on it.

"4. That defendant J. M. Guest is the son and heir of Martin Guest, who is now deceased, and that plaintiff prior to claiming the land, by

representing to defendant that it belonged to his (defendant's) father's estate, induced the defendant to have the same improved, and by his own admissions and declarations showed that he had no title to the land.

"5. That defendant's father, Martin Guest, was one of the heirs of Isaac Guest, deceased, and that defendant's mother, the widow of Martin Guest, has paid taxes on the land for twelve or fifteen years."

The court concluded as a matter of law that no title passed by the deed from Martin Guest, executor, to plaintiff, and that the plaintiff was es-topped by his conduct from claiming the land against the defendant.

During the progress of the trial defendant was permitted to testify that plaintiff told him that he bid the land in at the executor's sale for de-fendant's father, Martin Guest. The evidence was objected to and an exception reserved. The ruling is here assigned as error. We are of opinion that there was no error in the admission of the evidence. It is not competent to vary the terms of a written contract by parol evidence, but it is competent by such evidence to show that the party who has the legal title holds in trust for another.

It is also assigned as error that the court erred in finding as a matter of fact that no consideration was paid by plaintiff for the land. The deed expressed a consideration and a vendor's lien was reserved for its payment. The plaintiff never paid any taxes on the land. He received his deed in 1870, and yet testified that he had never claimed the land until two years before the trial. Defendant testified that plaintiff told him he bid in the land for the executor. Under these circumstances plaintiff's failure to testify while on the stand that he paid for the land ought to be deemed conclusive.

It is also assigned that the court erred in permitting the defendant to introduce evidence of an estoppel in the absence of a special plea. But any mere matter of defense may be passed under the plea of *not guilty* except the statute of limitations. Rev. Stats., art., 4793. And it has been expressly held that an estoppel may be established under such plea. Mayer v. Ramsey, 46 Texas, 371; Johnson v. Byler, 38 Texas, 610; Wright v. Doherty, 50 Texas, 34; McDow v. Rabb, 56 Texas, 154.

It is further assigned that the court erred in concluding as a matter of law that plaintiff was estopped. It appears from the evidence that be-fore the declarations relied upon by defendant his father had conveyed the land to him. This was after the deed by the father as executor to plaintiff.

It follows that the declarations of plaintiff did not affect that sale. But the defendant testified that after the plaintiff had told him he had bought the land for his, defendant's, father, and had advised him to take posses-sion of the land and fence it, he had taken possession of the land by a tenant, and had caused the same to be improved. It is not a mere case in which the owner sees another improve his land in ignorance of the true

state of the title and remains silent.   But here plaintiff directly induces the defendant to take possession and to improve the land, not only by representing facts tending to show that defendant's grantor had the equitable title at the time of the conveyance to defendant, but by directly advising him to that course of conduct.   Under such circumstances it would be a fraud to permit plaintiff to recover the land.   We take it the equities of a donor in a parol gift who has taken possession and made improvements are no better than those of defendant in this case, and they have been held sufficient to defeat the claims of the donor.   Willis v. Matthews, 46 Texas, 479, and cases there cited.   It is expressly held in other courts that the owner of land who induces another to improve it as his own will be estopped to claim it.   Miller v. Miller, 60 Pa. St., 16; McKelvey v. Truby, 4 Watts & Serg., 323; Godeffroy v. Caldwell, 2 Cal., 489.

In this view of the case it seems to us unnecessary to inquire whether or not the deed from Martin Guest, executor, to plaintiff, proved the title to the land or not.   The question is unimportant so far as the parties to this suit are concerned.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered November 1, 1889.