### KAUFFMAN & RUNGE V. SPILL BROWN ET AL.

#### No. 2932.

1 **Rescission of Executory Contract for Sale of Land.**—Suit in trespass to try title by vendors against their vendee and purchasers under him. Plea not guilty. It appeared that plaintiffs, December 2, 1879, sold the land to vendee for $500 cash and promissory note due in twelve months for $400, bearing 10 per cent interest. The deed executed at the time contained the covenant: "We further bind ourselves to see that W. R. Edwards (vendee) obtains title to the portion of said tracts of land belonging to the minor children of * * * without further cost, this deed being intended to cover the whole of the said land." There were three minors of eight children.

September, 1883, Edwards mortgaged the land and the mortgage was at once recorded. Under decree of foreclosure the land was sold, March, 1886. Suit was filed March 22, 1888. The purchase money note was never paid, nor was payment ever demanded. The minors never ratified the sale and defendants disclaimed as to their interests. One of the vendors after the mortgage proposed to Edwards to make him a title to the interest of the three minors. The plaintiffs recovered, and on appeal, *held:*

1. The burden of showing lawful offer to make good the title of the vendee was upon plaintiffs seeking to recover the land.

2. A tender to the vendee after the vendors had actual or constructive knowledge of his title passing to the purchasers under the mortgage would not affect the rights of such purchasers.

3. A tender made after the minors had otherwise disposed of their interest would be useless.

4. The plaintiff failing to perfect the title, the vendee was not shown to be in default.

2. **Right of Vendee to Pay and so Avoid Forfeiture.**—The vendee when sued for the land by the vendor may tender the unpaid purchase money, and this will save a forfeiture, no matter how long he may be in default.

3. **Trespass to Try Title—Equitable Defenses.**—Under plea of not guilty the defendant can interpose any legal or equitable defense that tends to defeat the plaintiff's right to recover.

4. **Same.**—If the plaintiff, in the pursuit of his remedy for default by his vendee in payment of purchase money by the action of trespass to try title, makes a case which shows that the vendee is not in default, this is sufficient to preclude a recovery, as the right to recover does not exist until the vendee is in default, and the duty of proving this fact rests upon the vendor.

5. **Same.**—We see no good reason why, under the liberal remedy of trespass to try title, the equities and rights of the vendor and vendee may not be settled.

6. **Defense.**—As a vendee may defend an action on a purchase money note by showing defect in title, so by showing it he avoids the charge of default when an attempt is made to recover the land on account of the nonpayment.

7. **Rescission of Sale of Land.**—If no tender of perfect title was made prior to suit, when covenanted for, then the recovery may be defeated upon the defendant paying whatever of purchase money may be owing to the plaintiffs.

APPEAL from Titus. Tried below before Hon. H. A. O'NEAL, Special District Judge appointed by the Governor.

The opinion states the case.

*W. H. Baldwin, S. P. Pounders,* and *W. P. McLean,* for appellants.—1. The vendors in the deed to Edwards were not in a position to enforce the contract by suit on the note, nor to rescind the contract by a proceeding for that purpose, nor to recover the land by an action of trespass to try title, until they complied with their obligation to invest Edwards with title to the interest in the land belonging to the minor children of John T. Brown. Gregg v. English, 38 Texas, 139.

2. It devolves on the plaintiff in an action of trespass to try title to establish his right to recover by showing title in himself superior to that of the defendant. A deed of conveyance which simply shows by its recitals unpaid purchase money, without reserving by language suf-

ficient for the purpose a lien upon the land conveyed until payment of the unpaid purchase money, is absolute conveyance of the legal title. And a secret reservation of an express vendor's lien by another instrument between the parties will not affect subsequent purchasers of the land who have no notice of such express lien.

3. Where a vendor of land in an executory contract sues to recover the land in an action of trespass to try title because of default on the part of the vendee to pay the purchase money, such action is in effect a suit to rescind the sale. In such suit the recovery is based on the fact of rescission, and could not be granted unless the rescission had taken place. All the effects of cancellation are indirectly obtained by the legal action. 1 Pome. Eq., sec. 110, note 1.

4. A vendor in an executory contract is not in condition to demand or enforce rescission because of default by the vendee in payment of part of the purchase money, when such vendor is in default in complying with his obligation to convey title to outstanding interests in the land conveyed, unless such vendor shows a reasonable and valid excuse for not conveying such outstanding interest, and also tenders to the vendee the amount of purchase money paid by the vendee. Thomas v. Beaton, 25 Texas Supp., 318; Gregg v. English, 38 Texas, 139, Tom v. Wollhoefer, 61 Texas, 277; Hart v. Bullion, 48 Texas, 278; Goher v. Hart, 36 Texas, 139; Dowling v. Duke, 20 Texas, 183.

*Todd & Hudgins,* for appellees.—1. Appellees were in position to recover the entire lot of land, and their right to do so could be defeated only by the defendants tendering to them the balance of the purchase money due, according to the executory contract between the heirs of Brown and Edwards. Estes v. Browning, 11 Texas, 237; Scarborough v. Arrant, 25 Texas, 129; Harris v. Catlin, 53 Texas, 1; Jackson v. Palmer, 52 Texas, 434.

In Gregg v. English, relied upon by appellant, English tendered the purchase money into court, and was therefore held to be entitled to specific performance.

2. The deed to Edwards and the note given by him constituted an executory contract for the conveyance of the land, and the superior title remained in the vendor.

3. Trespass to try title is a purely legal action, and involves no element of an equitable proceeding to rescind a sale. As the plaintiff in such action does not invoke the equitable powers of the court, he is not called upon to perform any equitable conditions precedent. It is he who asks equity that must do it.

4. If the defendants in this case desired specific performance of the contract, they must have pleaded their equities and "cleansed their hands" by first tendering to plaintiffs the amount due them under the contract.

FISHER, JUDGE, *Section B.*—This is a suit by appellees Spill Brown, S. F. Brown, George P. Brown, Sam H. Brown, Lucy Klopper (joined by her husband C. P. Klopper), N. H. Long (joined by her husband John J. Long), Sallie T. Walker (joined by her husband L. M. Walker), and L. M. Walker, for himself, against appellants Kauffman & Runge and one W. R. Edwards, in the ordinary form of trespass to try title.

Kauffman & Runge, for answer, pleaded not guilty, and "that they claim title to the part only of the land described in plaintiffs' petition to which defendant W. R. Edwards had title on the —— day of September, 1883, and disclaim as to that part of the land which belonged to the minor heirs of J. T. and S. A. Brown at the date of the deed from plaintiffs, or a part of them, to W. R. Edwards, which bears date December 2, 1879; that said interest is about four-ninths of the whole of the land sued for, the same being an undivided interest."

No answer was filed by Edwards. Judgment was rendered in the court below in favor of appellees against appellants and Edwards for the lands. Two tracts of land were sued for and recovered. Appellees introduced the following as their evidence of title:

1. Patents from the State to John T. Brown.

2. Deed from appellees Spill Brown, George P. Brown, S. H. Brown, N. H. Long, John J. Long, S. F. Brown, and Lucy Brown to W. R. Edwards.

3. Note executed by W. R. Edwards, payable to Spill Brown, George P. Brown, Sam H. Brown, S. F. Brown, Lucy Brown, John J. Long, and N. H. Long, in the sum of $400, dated December 2, 1879, with interest from date at 10 per cent per annum, the consideration being part of the purchase price of said lands conveyed to Edwards by said deed.

4. Deed from Ludie Brown, as one of the heirs of John T. Brown, conveying all of her interest in the lands to L. M. Walker.

5. Deed from R. L. Brown, conveying one-eighth interest in said lands to L. M. Walker.

6. The evidence of Spill Brown, to the effect that he, George P. Brown, Sam H. Brown, Lucy Klopper, N. H. Long, Sallie F. Walker, Ludie Brown, and R. L. Brown are the children of John T. Brown, deceased. S. F. Brown, one of the plaintiffs in the suit, is the surviving wife of John T. Brown and mother of all of said children of John F. Brown, and are the sole heirs of John T. Brown, who died prior to the year 1879. The land was acquired by John T. Brown before his marriage. Three of the children of John T. Brown, to-wit, Sallie F. Brown, Ludie Brown, and R. L. Brown, were minors at the date of the execution of the deed by Spill Brown, George P. Brown, S. H. Brown, N. H. Long, John J. Long, S. F. Brown, and Lucy Brown to W. R. Edwards. Sallie F. Brown married L. M. Walker, one of the plaintiffs. Lucy Brown, one of the grantors in the deed to Edwards,

married C. T. Klopper. The note executed by Edwards for $400 has never been paid, or any part thereof.

The title of Kauffman & Runge is shown by the following evidence introduced by them:

1. Mortgage executed by W. R. Edwards, of date September 27, 1883, on the lands in controversy, with other lands, to Block, Oppenheimer & Co., securing certain notes executed by Edwards to Block, Oppenheimer & Co.

2. Judgment in favor of Kauffman & Runge against Edwards on the indebtedness secured by said mortgage, and also a judgment foreclosing the mortgage and ordering the lands sold.

3. Order of sale of said lands under said judgment of foreclosure.

4. Sheriff's deed to Kauffman & Runge as the purchasers of the land at such foreclosure sale under said judgment.

5. Deed from the Browns to Edwards—the same deed introduced in evidence by appellees.

6. The deeds from Ludie Brown and R. L. Brown to L. M. Walker.

This suit was instituted March 22, 1888. The deed from the Browns to W. R. Edwards was executed December 2, 1879. The consideration for the purchase of said lands as stated in said deed is $900. Five hundred of this was paid cash by Edwards, and the four hundred unpaid is represented by the note executed by Edwards, as shown by the note offered in evidence by appellees. The note was due and payable twelve months after date. The note expressly retained a vendor's lien on the lands, but none was reserved by the terms of the deed. The deed executed by the Browns to W. R. Edwards contains the following stipulation: "We further bind ourselves to see that said W. R. Edwards obtains title to the portion of said tracts of land belonging to the minor children of John T. and S. F. Brown without further cost, this deed being intended to cover the whole of said two tracts of land."

All of the appellees except the Walkers (who represent and own the interest of the three minor heirs of John T. Brown) rest their right to recover the lands upon the fact that W. R. Edwards and appellants failed to pay off and discharge the $400 note executed by Edwards as a part of the consideration of the purchase of said lands, upon the theory that the note retaining an express vendor's lien on the lands constituted the sale thereof executory, thereby leaving the legal title in the vendors. The correctness of this as a legal proposition is not denied. 58 Texas, 387; 67 Texas, 237. But whether or not this principle of law under the facts of this case should here be enforced and applied is the sole question that we determine in this opinion.

It is contended by appellants that the failure of the Browns to comply with the terms of the deed so executed by them to Edwards, wherein they agreed and obligated themselves to obtain and furnish Edwards free of further cost to him a title to the interest of the minor heirs of

John T. Brown in the lands sued for, precludes them from recovering unless they offered to do equity by refunding the purchase money that they had received. Appellees assail this position by contending, "(1) that this is purely a legal action involving no element of the equitable proceeding to rescind the sale, and as appellees ask for no such relief they are not required to perform any equitable conditions precedent; (2) this being trespass to try title, simple and pure, appellants should have pleaded their equities and 'cleansed their hands' by first tendering to appellees the amount due them under the contract, and that the right of appellees to recover the land could only be defeated by payment of the amount due as the purchase money of the land; (3) that the condition in the deed to furnish Edwards the title of the minor heirs was complied with by the vendors of Edwards offering to comply with the stipulation before suit was instituted."

The only evidence in the record tending to prove an offer to furnish Edwards the title of the minor children of John T. Brown and S. F. Brown is the testimony of Spill Brown, to the effect "that before this suit was brought he proposed to Edwards to make him a title to the interests of said three minor heirs; he said he did not wish it then. This was after the mortgage had been made by Edwards under which Kauffman & Runge claim." This offer, or tender, as it may be termed, was not followed by any further offer made by all of the parties who executed the deed to Edwards when it was agreed that they would furnish him the title of the minor heirs of Brown, but was made solely by Spill Brown. No offer was made by the appellants in this case to comply with the agreement, although the facts show that the mortgage under which they claimed existed prior to the time the offer was made by Spill Brown to Edwards; and further shows that appellants acquired their title to the lands about two years prior to the institution of this suit, which fact was evidently known to appellees, as the deed under which appellants claim was recorded in Titus County, where the land is situated, for two years prior to filing this suit. The evidence does not inform us when this offer or tender was made, except that it was prior to the filing of this suit. The time when such tender was made becomes very material in determining its importance as a legal offer to comply with the stipulation in the contract to furnish the title of the minor heirs of Brown. The burden of proof on this point rested upon the appellees. If this tender was made after Kauffman & Runge had acquired title to the land from Edwards, and such act was actually or constructively within the knowledge of the vendors of Edwards, a tender made to Edwards and a refusal by him to accept would not prejudice the rights of Kauffman & Runge. Further, if the tender was made after the minor heirs of Brown had conveyed their interests to appellee Walker in the land, then it was probably beyond the power of the vendors of Edwards to furnish him the title of said minors, be-

cause they had parted with what the vendors of Edwards agreed to furnish.

It appears from the evidence that the note given for the deferred payment due on the land matured in December, 1880; from then, when appellees' cause of action matured, to the year 1888, when this suit was brought, the fact that no demand was made for the payment of the note, nor any offer or tender made to Edwards or appellants to furnish the title of the minor heirs of Brown (except that already noticed), tends to lessen the probative effect of such evidence. On the whole, we do not think the evidence satisfactorily establishes such an offer to comply with the stipulation in the contract to furnish the title of the minor heirs as would justify us in holding it legally sufficient for such purpose. Hart v. Bullion, 48 Texas, 279.

If the vendor goes into a court of equity to set aside a sale he has made, he must tender the purchase money he has received, or he will be defeated as not offering to do equity. The vendee, when sued for the land by the vendor, may tender the unpaid purchase money, and this will save a forfeiture, no matter how long he may be in default. The right to rescind or to recover the land does not exist until the vendee is in default.

The application of these principles of law and equity, it is contended, can not be invoked in this case, because this is simply an action of trespass to try title, and is only met with a plea of not guilty; no equities of either party being pleaded and no offer on behalf of appellants to pay the unpaid purchase money due on the land. We understand the law to be, that under the plea of not guilty the defendant can interpose any legal or equitable defense that tends to defeat the plaintiff's right to recover. It is only where the defendant seeks affirmative relief upon issues he desires adjudicated that he is required to specially plead his equities. If the plaintiff in the pursuit of his remedy by trespass to try title makes a case which shows that the vendee is not in default, this is sufficient to preclude his recovery, as the right to recover does not exist until the vendee is in default, and the duty of proving this fact rests upon the vendor. Huffman v. Mulkey, 78 Texas, 562. Further, where the vendor resorts to the legal action of trespass to try title to recover from the vendee the land, it is permissible under the plea of not guilty to show that the vendee is not in default, or to show that the vendor is in fault by reason of failure to comply with the terms of the contract to sell in some material respect.

We quote with approval what is said by the court in Moore v. Giesecke, 76 Texas, 550: "We do not understand that it was intended to decide, in the cases where the vendor brought suit simply to try title and for possession, that the equities in favor of the vendee of a nature entitling him to relief would not be heard. We think, rather, that in those cases it was intended to decide that the facts pleaded by the ven-

dee did not show a case entitling the party to affirmative equitable relief.    We can see no good reason why the right of the vendee to equitable relief when he is sued for the purchase money or for the land itself should at all depend upon the character or form of plaintiff's suit. Whether or not he is entitled to any equitable relief will be a proper subject of inquiry in every case.    When the circumstances of the transaction show him to deserve it, it should be administered; and when they do not, it should be denied.''

We see no good reason why, under the liberal remedy of trespass to try title, the equities and rights of the vendor and vendee should not be settled, and especially as the plaintiff is permitted in such action to establish by evidence either a legal or equitable title to the land without averring the facts that constitute his equities. ·

· We have discussed what may be done under a plea of not guilty. The obligation resting upon the vendors of Edwards to furnish to him the title of the minor heirs of John T. Brown was a duty imposed upon them before they could demand payment of the purchase money due on the land or to recover the land for failure to pay same.    They, in the deed that they executed to Edwards, agreed to furnish him with a title of the interest of the minor children of John T. and S. F. Brown. Until this was done, or some good reason given for not so doing, it can not be said that the vendee is in default, because it would be inequitable to compel him to pay the remaining purchase money due before he had received the title that was promised.    The stipulation contained in the deed is, that the vendors are to furnish Edwards the title of the minor heirs of John T. and S. F. Brown to their interest in the lands without further cost to Edwards.    The deed conveys the whole of the two tracts.    We infer from the reading of the deed that the intention of the parties as gathered therefrom is, that they regarded the interest of the minor heirs in the land as about equal to the amount of the note given for the deferred payment, and that the note was given to cover such interest.    We are further strengthened in this view by reason of the fact that no demand was ever made by the vendors of Edwards for payment of the note, and no effort made to collect it.    We regard the promise to pay the note by Edwards and the agreement of the vendors to furnish the title of the minor heirs as dependent conditions in the contract of sale.    To hold that such promises are independent conditions would, as we regard the contract, do violence to the intention of the parties; for it would permit the vendors of Edwards to recover the entire lands, or to recover on the note without furnishing the title it represented.    Gregg v. English, 38 Texas, 140.

The deed from the Browns to Edwards conveyed whatever interest they had in the lands with the legal title vested in them, subject to be defeated by the payment of the amount, if any, that may be due them for their interest so conveyed.    As shown by the deed and the evidence

of Spill Brown, they have received $500 of the $900 agreed upon as the consideration for the purchase of the land. Owing to the fact that the deed is silent as to the number of minor children of John T. and S. F. Brown, and that the terms of the deed do not recite what interest the mother of the Browns is entitled to in the consideration, it is somewhat doubtful what proportion of the entire consideration the vendors of Edwards are entitled to. If upon calculation and further proof it is shown that the $500 received by them is less than the full amount they are entitled to as payment for their interest in the land, then before appellants can defeat a recovery the amount should be tendered and paid.

We do not believe that the judgment rendered in this case settles the equities of the parties; and in order to dispose of the case as we conceive it should be, upon equitable principles, we hold:

1. That those appellees who are the vendors of Edwards should only be permitted to recover the entire tract of land upon proof of a tender of the title of the minor heirs' interests in said lands and refusal upon the part of Edwards to accept, or of the appellants, if the tender was made after they acquired title.

2. If no tender or offer to furnish the title of the minor heirs of John T. Brown was made by the vendors of Edwards, and if they have violated their agreement in this respect and are unable to comply therewith, before they should be permitted to recover the land they should repay the amount of purchase money they have received.

3. If the evidence should show that any amount is due the vendors of Edwards for their interest in the lands that they conveyed to Edwards, then such amount should be paid before a recovery of the lands by them can be defeated.

What is said here with reference to the title or interest of the Browns does not concern the rights of appellees Walkers, who own and represent the interest of the minor heirs in said lands, for they are entitled to recover their undivided interest in the lands.

We conclude the case should be reversed and remanded as to appellees Spill Brown, George P. Brown, S. H. Brown, Lucy Brown, N. H. Long, J. J. Long, and S. F. Brown, and should be affirmed as to interest of the Walkers in the land.

*Reversed and remanded.*