**HENRY v. CUSTARD.**

No. 2812.

Court of Civil Appeals of Texas. Waco.

Sept. 29, 1948.

J. C. Lumpkins, of Waxahachie, for appellant.

R. F. Chapman, of Waxahachie, for appellee.

HALE, Justice.

Appellant sued appellee in trespass to try title for recovery of the west one-half of a tract of land 64 feet in width situated in the City of Waxahachie, Texas. The case was tried before the court below without a jury and resulted in judgment awarding to appellant 22½ feet off of the west side and to appellee 41½ feet off of the east side of the tract in controversy.

J. T. Frierson was the common source of title. On October 10, 1936, he executed two separate deeds by which he conveyed a part of the premises to appellee and a part thereof to Amanda Little, appellant's predecessor in title. The deed to appellee recited that in consideration of $350 the grantor thereby conveyed to grantee the east one-half of the premises in controversy, describing the entire tract by metes and bounds, "and a tract extending to Mandy Little's Bldg." Immediately following such descriptive matter the deed contained this recital: "This conveyance is intended to convey to Josie Custard that portion of the land now used and occupied by her, leaving out only that portion occupied by Amanda Little." The deed from Frierson to Amanda Little recited that in consideration of $250 the grantor thereby conveyed to grantee the west one-half of the premises in controversy, describing the entire tract by metes and bounds, with this additional recital: "This conveyance is intended to convey to Mandy Little all of that portion of land now used and occupied by her and excepting therefrom that portion of said land now occupied by Josie Custard." By deed dated September 20, 1946, Amanda Little conveyed to appellant the west one-half of the premises in controversy, describing the entire tract by metes and bounds, followed by the recital that the property therein conveyed is "the same tract of land conveyed by T. J. Frierson to Amanda Little on or about the 10th day of October, 1936."

In his findings of fact and conclusions of law the trial court expressly found, among other things, that appellee, Josie Custard, was using and occupying 41½ feet off of the east side of the lot in controversy at the time when the two deeds from Frierson were executed, and that it was the intention of Frierson, Josie Custard and Amanda Little that the deed to Amanda Little should convey to her 22½ feet off of the west side of said lot and that the deed to Josie Custard should convey to her 41½ feet off of the east side of said lot. The court concluded that the recitals contained in the respective deeds furnished an ample nucleus or key for making clear and plain that which the parties thereto intended, and rendered judgment accordingly.

Appellant says the court below erred in the foregoing findings and conclusions and in failing to render judgment in his favor for the recovery sought by him because the phrase "and that tract extending to Mandy Little's Bldg.," as contained in the deed from Frierson to appellee, was insufficient in its description to convey an additional tract of land to the tract otherwise described and conveyed therein.

In the case of Easterling v. Simmons, Tex.Civ.App., 293 S.W. 690, 693, error refused, this court said: "The rule generally adopted for determining the sufficiency of the description contained in a deed is that if there appears therein enough to enable a party familiar with the locality to identify the premises intended to be conveyed with reasonable certainty, to the exclusion of others, it will be sufficient. It is enough that the description points out and indicates the premises so that by applying it to the land it can be found and identified. Myers v. Maverick, Tex.Civ.App., 27 S.W. 950, 951, 952; Battle v. Wolfe, Tex.Civ. App., 283 S.W. 1073, 1078. When such is the case, identification may be completed by parol evidence."

We think it is readily apparent from all the descriptive recitals contained in each and both of the deeds dated October 10, 1936, that Frierson thereby intended to convey to appellee and Amanda Little, respectively, such portion of the entire tract of land described by metes and bounds in each deed as was then being used and occupied by each grantee. Hence, we hold that the recitals in each deed furnished a proper predicate, nucleus and key for showing by extrinsic evidence, either written or oral, that portion of the entire tract which was being used and occupied by each grantee at the time when the deeds were executed. Miller v. Hodges, Tex.Com.App., 260 S.W. 168; Sanderson v. Sanderson, Tex.Civ. App., 82 S.W.2d 1008; Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380.

The evidence showed that Mandy Little and appellee, as tenants of Frierson and his predecessor in title, had been in actual possession of the land in controversy for a number of years prior to 1936, the former occupying a portion of said tract

along the west side and the latter occupying a portion along the east side thereof. Mandy Little was the owner of a building 22½ feet in width which her predecessor had erected on the land occupied by her and appellee was the owner of two buildings and an out house which she had erected on the land occupied by her. There was evidence to the effect that the out house and the west wall of one of appellee's buildings was approximately 41½ feet west of the east line of the property conveyed to her by Frierson. No dispute arose over the boundary line now in controversy prior to the time when appellant purchased from Mandy Little. After reviewing all of the testimony elicited from the eight witnesses who testified in the case we have concluded that the evidence as a whole was sufficient to sustain the trial court's findings of fact and that such findings authorized the rendition of the judgment which was rendered.

Accordingly, all of appellant's points are overruled and the judgment appealed from is affirmed.