Ottis Pearl BETHEA, et vir, et al., Appellants,

v.

L. C. WALL, Jr., Appellee.

No. 4074.

Court of Civil Appeals of Texas.

Waco.

Oct. 18, 1962.

Joe Schultz, Mexia, for appellants.

B. R. Reeves, Palestine, for appellee.

McDONALD, Chief Justice.

This is a suit in Trespass to Try Title filed by appellants Bethea, et al., (heirs of Mrs. Clora Simons), against appellee, L. C. Wall, Jr., for title and possession of 209 acres of land in Leon County. Appellee answered by general denial and a plea of not guilty. Trial was to the court, without a jury, which after hearing, entered judgment "denying plaintiffs the relief sought." The Trial Court determined:

1) That although the suit was cast in trespass to try title, it was in fact a suit to cancel a lease made between Mrs. Clora Simons as lessor, and L. C. Wall, Jr., as lessee.

2) That plaintiffs are all the heirs of Mrs. Clora Simons, deceased, and have title to the property, subject only to the rights of Wall under the lease.

3) The description of the land as set out in the lease, together with the evidence offered, is sufficient, and the lease is not void by reason of the indefiniteness of such description.

4) Plaintiffs having offered such lease in evidence without limitation are bound by the terms thereof.

5) Plaintiffs' remedy is not for cancellation of the lease, but for the enforcement of the provisions thereof.

6) Defendant paid plaintiffs the first rental payment for 1962 which was retained by plaintiffs. Plaintiffs may not accept the rental payment and seek cancellation.

Plaintiffs appeal, contending:

1) The Trial Court erred in rendering judgment because the lease to Wall violated the Statute of Frauds, and is void.

2) The Trial Court erred in holding that plaintiffs were bound by the lease under which defendant claims, because plaintiffs had to introduce same to show common source of title.

3) The Trial Court erred in holding that this is a. suit for cancellation of a lease, because it was both plead and tried as a trespass to try title suit.

4) The Trial Court erred in holding that the plaintiffs may not accept the rental payment and seek cancellation, because payment by a trespasser would not change the terms or conditions of an instrument which violates the Statute of Frauds.

In this case plaintiffs are the heirs of Mrs. Clora Simons, deceased. On 3 Jan. 1957, and prior to her death, Mrs. Simons executed a "Farming and Grazing Lease" with defendant Wall, leasing to him for farming and grazing purposes:

"All the following described land situated in Leon County, Texas, and be-

ing 209 acres of land, a part of the J. A. Mendez Survey in Leon County, Texas."

The lease was for 5 years, with an option to renew for an additional 5 years. The lease provided for a rental of $200. per year payable $100. prior to January 1st and $100. prior to July 1st, and further provided that lessee Wall was to keep the fences in a good state of repair.

The undisputed evidence reflects that title to the property was in Mrs. Simons and that this property was the only property she owned in the J. A. Mendez Survey in Leon County; that plaintiffs are all of the heirs of Mrs. Simons; that defendant Wall went into possession of the property under the lease and paid his rental for the first 5 years; that on 28 December, 1961 he exercised his option to renew the lease, and deposited $100. into the bank account of the Estate of Mrs. Simons as rental for the first 6 months of 1962. Plaintiffs offered the lease from Mrs. Simons to defendant into evidence.

Plaintiffs seek a reversal on the ground that the description of the property in the lease to Wall is not sufficient, and is violative of the Statute of Frauds.

The description in the lease (supra) does not contain within itself sufficient description, and contains no reference to any other existing writing for a further description. There is no "nucleus" or "key", (such as "my land"), to which extraneous evidence may be directly tied to determine the interest of the lessor. Plaintiffs' contention that the description is insufficient is sustained. Skinner v. Noland, 154 Tex. 615, 281 S.W.2d 332; Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222; Jones v. Mid-State Homes, Inc., Tex., 356 S.W.2d 923.

Nevertheless, the defendant filed a plea of "Not Guilty" to the plaintiffs' Trespass to Try Title suit, and it is undisputed that defendant went into possession of the land involved herein; remained in possession and paid the rentals regularly for 5 years; that he exercised his option to renew and paid rental for an additional 6 months into the bank account of the lessor's estate (Mrs. Simons being deceased); and that one of the plaintiffs withdrew the money.

Under a plea of Not Guilty in a Trespass to Try Title case, the defendant can interpose any legal or equitable defense that tends to defeat the plaintiffs' right to recover. The undisputed record reflects that defendant is not in default in any particular, and that all elements of an estoppel in his favor are present, and that such facts constitute an equitable defense directly involved in the title. Under such undisputed facts the plaintiffs are estopped to assert the invalidity of the lease. Guest v. Guest, 74 Tex. 664, 12 S.W. 831, 832; Kauffman v. Brown, 83 Tex. 41, 18 S.W. 425, 427; Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745. See also: 1st Baptist Church of Fort Worth v. Bible Baptist Seminary, Tex., 347 S.W.2d 587, 592; 4 Texas Practice Land Titles, Sec. 335, pp. 26, 27; Pickle v. Whitaker, CCA, Er. Ref., Tex.Civ.App., 224 S.W.2d 741, 745.

Under the foregoing, plaintiffs' other points pass out of the case. We think the trial court properly denied plaintiffs the relief sought, and properly held title in plaintiffs subject only to the rights of defendant under the lease.

Affirmed.