Vernon George SMITH et al., Appellants,

v.

Dan L. BAKER, Appellee.

No. 4212.

Court of Civil Appeals of Texas.

Waco.

June 25, 1964.

Rehearing Denied July 9, 1964.

James M. Spiller, Jacksboro, James E. Forbis, Decatur, for appellants.

Rodgers & Stephens, Graham, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment in favor of the defendant in a trespass to try title suit.

Plaintiffs Smith, et al., instituted this suit against defendant Baker, in trespass to try title for title and possession of an undivided 8/45ths interest in certain lands in Jack County. (Defendant is an uncle of the plaintiffs).

Defendant answered, pleading title to the land by virtue of a judgment rendered in 1955 by the District Court of Jack County, in which the contended for interest in the land was awarded to him; further plead 8 years peaceable and adverse possession; and further entered a plea of not guilty.

Defendant thereafter moved for summary judgment, asserting there was no genuine issue of material fact, and that the 1955 judgment awarding him the contended for interest in the land was determinative of title to such lands.

Plaintiffs answered defendant's motion for summary judgment, alleging that the 1955 judgment relied on by defendant was rendered in a suit in which present plaintiffs and defendant, were on the same side as parties plaintiff, against a third party

over ownership of the land; that the judgment did not purport to determine the relative ownership between present plaintiffs and defendant; that there was no controversy in that suit between present plaintiffs and defendant; that present plaintiffs and defendant occupied totally harmonious positions in that suit; *and that in the 1955 suit, present defendant admitted by pleading that his interest in the land had been transferred to present plaintiffs.*

Plaintiffs then filed Motion for Summary Judgment, alleging title to the land in controversy, by virtue of a warranty deed executed January 17, 1952 by defendant, conveying such lands to plaintiffs. Plaintiffs further assert that defendant, in his pleadings in the 1955 suit, admitted and affirmed that his interest in the lands had been transferred and conveyed to plaintiffs herein; that the 1955 judgment merely adjudicated the interest of defendant in the lands at the time of filing of the suit, which was prior to the 1952 conveyance by him to plaintiffs; and that defendant is estopped to deny his conveyance to plaintiffs by the 1952 deed.

Defendant replied to plaintiffs' motion, asserting that the 1955 judgment was a valid and binding judgment, decreeing title to the land to him; that such 1955 judgment took into consideration the title of the property up to and including the date thereof; and that the 1952 deed was thus taken into consideration and adjudged of no force or effect.

The 1955 judgment; defendant's and plaintiffs' pleadings in the 1955 suit; and the 1952 deed from defendant to plaintiffs are in the record.

The Trial Court granted defendant's Motion for Summary Judgment and decreed defendant title and possession of the land in controversy; and overruled plaintiffs' Motion for Summary Judgment.

Plaintiffs appeal, contending the Trial Court erred: 1) In denying plaintiffs' Motion for Summary Judgment; 2) In not holding plaintiffs have title by virtue of the 1952 deed; 3) In not decreeing plaintiffs title under the doctrine of after acquired title; 4) In not holding defendant estopped to deny plaintiffs' title; 5) In sustaining defendant's Motion for Summary Judgment; 6) In holding the 1955 judgment was res judicata of the issues raised in the instant suit.

The record before us on Summary Judgment reflects that plaintiffs filed statutory trespass to try title suit against defendant to the lands in controversy. Defendant plead limitations; not guilty; and asserted that a 1955 judgment which vested title in him to the lands in controversy, was determinative of the suit. Examination of the judgment and of the pleadings of defendant in such 1955 suit reflects that defendant and plaintiffs herein, were all *parties plaintiff* in the 1955 suit, seeking to quiet title to the subject land against the claims asserted by a third party, Amanda Salter; and further *that defendant's own pleading in such suit set out that he had conveyed his interest in the property to plaintiffs herein.* The judgment does decree to defendant the interest here involved.

■ Coparties inter se, *as between themselves, are not bound* by the judgment rendered in the cause in which they were coparties. 34 Tex.Jur.2d, p. 432 states the rule thusly:

"Sec. 398—Coparties inter se.

"A judgment is usually binding only in respect of adversary parties. A judgment for or against two or more joint parties does not, ordinarily, determine their respective rights as between themselves, and is not conclusive in any subsequent litigation between them, unless these rights were properly put in issue and the judgment adjudicated them."

■ In the 1955 suit, present plaintiffs and defendant were not adversary parties

in any sense of the term. They were in complete accord as to the ownership of the interest now in dispute. Defendant's pleading states he had conveyed his interest to present plaintiffs. Why the judgment was drawn as it was, we do not know, but as between the parties plaintiff to the 1955 judgment (who are parties plaintiff, and defendant here) such judgment is not res judicata to the rights of present plaintiffs.

Moreover, the record contains the 1952 deed from present defendant to present plaintiffs.

Plaintiffs' contentions 5) and 6) are sustained. The Trial Court erred in granting summary judgment for defendant, and in holding that the 1955 judgment was res judicata of the issues raised in the instant suit.

Plaintiffs' contentions 1 through 4 assert that the Trial Court erred in not rendering summary judgment for them; in not holding plaintiffs have title by virtue of the 1952 deed; or under the doctrine of after acquired title; and by not holding defendant estopped to deny plaintiffs' title. Plaintiffs cite as controlling: Kramer v. Breedlove, Tex.Sup.Ct., 3 S.W. 561; Caswell v. Llano Oil Co., 120 Tex. 139, 36 S.W.2d 208; Houston Oil Co. v. Village Mills Co., Tex. Com.App., 241 S.W. 122; and Powell v. Heckerman, 6 Tex.Civ.App. 304, 25 S.W. 166.

Plaintiffs' contentions 1 through 4 ·are overruled. Plaintiffs brought the instant case in Trespass to Try Title. Defendant, among other things, filed a plea of Not Guilty. Under a plea of Not Guilty in a Trespass to Try Title case, the defendant can interpose any legal or equitable defense that tends to defeat the plaintiffs' right to recover. Guest v. Guest, 74 Tex. 664, 12 S.W. 831, 832; Kauffman v. Brown, 83 Tex. 41, 18 S.W. 425, 427.; Bethea v. Wall, Tex.Civ.App., (n. w. h.) 362 S.W.2d

414. Under such record, therefore, Summary Judgment could not be rendered for plaintiffs. See also Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906, 142 A.L.R. 77.

Reversed and remanded.