Don HANCOCK, Successor Independent Executor of The Estate of Amanda Johnson, Deceased, Appellant,

v.

Lee Etta BOOKER, Appellee.

No. 6236.

Court of Civil Appeals of Texas, Waco.

Nov. 13, 1980.

Rehearing Denied Dec. 11, 1980.

Don Hancock, Milford, for appellant.

Charles B. McGregor, Beard & Kultgen, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Hancock from judgment of the trial court awarding appellee Booker title to a 50 × 150 foot lot; awarding appellee Booker $11,000 insurance proceeds from the destruction by fire of the house on such lot; and decreeing that the Estate of Amanda Johnson take nothing against appellee Booker.

This case involves the Estate of Amanda Johnson, deceased, who died March 18, 1977, at age 85, and is a consolidation of three separate suits between the parties. Charles O. Hill and Lee Etta Booker were cousins of the deceased.

Cause 25066, "In the Matter of the Estate of Amanda Johnson, deceased" was the purported appeal of the probate of the will of Amanda Johnson from County Court of Hill County to the District Court. Amanda Johnson's will was admitted to probate in County Court and Charles O. Hill was appointed Independent Executor of such estate. A former attorney retained by Lee Etta Booker "appealed" the order probating the will to District Court. On September 12, 1977, the District Judge signed an order admitting the will of Amanda Johnson to probate; many hearings were held and many orders were issued, including an order on September 21, 1977, entitled "Order to Turn Over Property", which ordered Lee Etta Booker to deliver to Charles O. Hill, Executor of the Estate of Amanda Johnson, all property of the Estate "not destroyed by fire"; $29,203.21; bank and savings and loan accounts; "within 30 days". On September 28,1977, the District Court issued an injunction ordering Booker to turn over all property of the Estate of Amanda Johnson to Hill, Executor of the Estate. Thereafter Hill died, and the District Court on March 9, 1978 appointed Honorable Don Hancock, who was attorney for Hill, "Successor Independent Executor of the Estate of Amanda Johnson".

Cause 25058, *"Charles O. Hill v. Lee Etta Booker"*, was filed April 1, 1977, in the District Court by Hill against Booker to set aside a deed, dated February 28, 1977, from Amanda Johnson to Booker, to a house and lot in the City of Hillsboro. Hill alleged among other matters that the description in the deed was fatally defective. The trial court rendered summary judgment for Hill and this Court reversed and remanded the case to the trial court.[1]

Cause 25307, *"Gulf Insurance Company v. Lee Etta Booker and Don Hancock, Successor Independent Executor of the Estate of Amanda Johnson"*, was a Bill of Interpleader filed in the District Court by Gulf Insurance Company against Booker and Hill and alleged Gulf issued a policy of insurance for $11,000 on a house at 326 Third Street, Hillsboro, Texas (the house on the lot involved in cause 25058); that the house had been destroyed by fire; that Gulf owed the $11,000; that Booker and Hill both claimed the money; that Gulf tendered the $11,000 into court; asked that Booker and Hill be cited to establish their respective claims; that Gulf be granted an attorney's fee and be absolved from further liability.

On December 14, 1979, on motion for Hancock the trial court consolidated causes 25058, 25307 and 25066 and decreed the consolidated suit proceed under the number of cause 25066.

On February 4, 1980, appellant Hancock filed new pleadings in the consolidated causes alleging: that he was Successor Independent Executor of the Estate of Amanda Johnson, deceased; that Amanda died March 18, 1977; that at her death she owned a 50 × 150 foot lot at 326 Third Street, Hillsboro, Texas, on which her house was situated; that she had a fire insurance policy with Gulf Insurance Company; that no legal representative of her Estate authorized any assignment of the policy; that the

1. *Booker v. Hill*, Tex.Civ.App., (Waco) NWH, 570 S.W.2d 460.

policy was assigned shortly before the fire to Lee Etta Booker at Booker's request; that the house burned July 27, 1977; that the Estate owned the insurance policy, and that the assignment to Booker was ineffective. Appellant prayed judgment for the $11,000 proceeds.

Alternatively appellant alleged the Executor received judgment against Booker in cause 25066 for $29,203.21 which was unpaid; and prayed judgment for the $11,000 in partial satisfaction of such prior judgment.

Appellant further plead Lee Etta Booker obtained a deed from Amanda Johnson February 28, 1977; that such deed is invalid because of defective description and should be cancelled as a cloud on Executor's title. Appellant then plead in trespass to try title that the Estate of Amanda Johnson is owner of the 50 × 150 foot lot (describing same); that Booker unlawfully entered upon the land and dispossessed Hill. Appellant prayed judgment for the land.

Appellee Booker filed amended answer in the consolidated action, excepting to the jurisdiction of the trial court to proceed in matters pertaining to the Estate of Amanda Johnson; that the policy issued by Gulf on the house had been assigned by the company to her; that appellee denies any indebtedness to the Estate of Amanda Johnson; that she pleads "Not Guilty" to the allegations in Trespass To Try Title. Appellee prayed judgment for the insurance proceeds, and that her title be quieted to the premises at 326 Third Street, Hillsboro, Texas.

Trial was before the Court which rendered judgment: reciting that causes 25307, 25066 and 25058 were consolidated; that appellee excepted to the jurisdiction in cause 25066 (the appeal from order of the County Court probating the will of Amanda Johnson); found the District Court had no jurisdiction in such cause, sustained the exception, 1) *dismissed cause 25066, and set aside all orders entered therein prior to the consolidation*; reciting the Estate of Amanda Johnson had not proved title to the 50 × 150foot lot (describing same); 2) *de-creed title to such vested in Booker*; 3) *decreed the Estate of Amanda Johnson take nothing by its claim against Booker*; found the Estate of Amanda Johnson proved no right to the proceeds of the $11,000 insurance policy; found Booker had been assigned the policy by an agent of the company and entitled to the proceeds; 4) *decreed the $11,000 paid to Booker* (less $300 to Gulf for attorney's fee).

Appellant Hancock, Successor Independent Executor of the Estate of Amanda Johnson appeals on 40 points presenting 3 basic contentions.

Amanda Johnson, age 85, owned the house and lot at 326 Third Street in Hillsboro, Texas. The house was insured for $11,000. Amanda deeded the property to her cousin Lee Etta Booker on February 28, 1977. Amanda died March 18, 1977. Charles O. Hill, another cousin of Amanda, filed Amanda's will (in which he was beneficiary) for probate in the County Court of Hill County, which probated the will and named Hill Executor. Booker who had contested probate "appealed" to District Court. District Court "probated" the will, and on September 21, 1977 "ordered" Booker to turn over to the Executor all assets of the estate including an item of $29,203.21, and thereafter by injunction again ordered her to turn over property and money of the estate to the Executor.

On May 11, 1977, the Hillsboro agent of Gulf assigned the insurance policy on the house to Booker, and on July 27, 1977, the house burned.

Hill filed suit against Booker to cancel her deed from Amanda asserting the description to be "fatally defective". Judgment for Hill was reversed, and the cause remanded to the District Court on August 17, 1978.

On November 11, 1977 Gulf deposited $11,000 into the District Court, alleged Hill and Booker both claimed same, and interplead for judicial determination of entitlement to the money.

The trial court consolidated the probate proceeding, the suit to cancel the deed to

Booker, and the interpleader to determine entitlement to the $11,000, and as noted rendered judgment: 1) Dismissing the probate proceeding for want of jurisdiction; 2) Decreeing title to the lot vested in Booker; 3) Decreeing the Estate of Amanda take nothing as to Booker; and 4) Decreeing Booker entitled to the insurance proceeds.

Appellant's contention 1 asserts the trial court erred in holding it did not have jurisdiction in cause 25066, and in dismissing same. Cause 25066 was the appeal of the order of the County Court probating the will of Amanda Johnson. Ancillary to such proceeding was the order of September 21, 1977, and the injunction ordering Booker to turn over property and money of the Estate to the Executor.

■ Prior to 1973 the Probate Code provided for appeal of probate matters to the District Court.[2] But since 1973 appellate jurisdiction of any court exercising original probate jurisdiction is to the Court of Civil Appeals.[3] Thus, the purported appeal from County Court to District Court of a probate matter in 1977 was a nullity, and the trial court correctly held that it had no jurisdiction, correctly set aside orders issued therein, and correctly dismissed the proceeding.

Appellant's contention 2 asserts the trial court erred in holding that Executor did not have superior right and title to the lot as opposed to Booker, as Executor proved prior possession by decedent and her tenants.

■ Title to the lot was the subject matter of cause 25058. After the cause was remanded to the trial court and consolidated with the other two causes, appellant filed amended pleadings alleging Amanda Johnson was the owner of the land; that on February 28, 1977 Booker obtained a deed from Amanda; that such deed is defective in that the property cannot be identified from the description; that such deed should be cancelled. Such pleading then, in tres-

pass to try title, alleged Amanda the owner of a described tract; that Booker unlawfully entered and dispossessed Hill and his predecessor from possession thereof.

The deed appellant sought to cancel was never offered in evidence; the trial court did not err in not cancelling it.

Appellant plead conventional trespass to try title based on a prior possession of the property in Amanda. Amanda was in possession of the property in person or through a tenant from 1920 until February 28, 1977.[4]

Booker plead not guilty to the trespass to try title suit.

■ To recover in trespass to try title a plaintiff must recover on the strength of his own title and not on weakness of defendant's title. He may recover by 1) proving a regular chain of conveyances from the sovereign; 2) by proving superior title out of common source; 3) by proving title by limitations; or 4) by proving prior possession and that the possession has not been abandoned. *Land v. Turner*, Tex., 377 S.W.2d 181; *McDonald v. Batson*, Tex.Civ.App., (Waco) NWH, 501 S.W.2d 449.

■ And the rule in trespass to try title plaintiff may recover by virtue of prior possession, without proof of title, where no title is shown in defendant, is but a "rule of evidence" and not of "property" and may be rebutted. *Lorino v. Crawford Packing Co.*, Tex., 175 S.W.2d 410.

■ Under a plea of Not Guilty in a trespass to try title case, defendant can interpose, and the trial court can consider any legal or equitable defense that tends to defeat the plaintiff's right to recover. *Guest v. Guest*, Tex., 12 S.W. 831; *Kaufman v. Brown*, Tex., 18 S.W. 425; *Smith v. Baker*, CCA (Waco) NRE, 380 S.W.2d 725; *Pickle v. Whitaker*, Tex.Civ.App., (El Paso) Refused, 224 S.W.2d 741.

2. Acts 1955, 54 Leg., p. 91 chapter 55; effective January 1, 1956, Vol. 17A Probate Code p. 36.

3. Acts 1973, 63 Leg., p. 1684 chapter 610; effective November 6, 1973, Vol. 17A Probate Code p. 36.

4. Appellant pleads February 14, 1977.

■ And a description in a deed is sufficient if it indicates the land conveyed thereby so that one familiar with the locality can identify the land with reasonable certainty to the exclusion of any other. *Scott v. Washburn*, Tex.Civ.App., (Waco) NRE, 324 S.W.2d 957; *Henry v. Custard*, Tex.Civ. App., (Waco) NWH, 213 S.W.2d 862.

Appellant's trial pleading plead Booker obtained a deed from Amanda on February 28, 1977, and that such deed creates a claim and cloud on Executor's title.

The witness Evans, a civil engineer, testified with reference to Booker's Exhibit 1, a plat of the Sweeney addition to the City of Hillsboro and surrounding areas, that using the description in appellee's deed he could clearly locate the property; and that the description was the same as that used in the 1920 deed under which Amanda held title.

■ And if the plaintiff in trespass to try title fails to establish his title, the effect of a judgment of take nothing against him is to vest title in the defendant. *Hejl v. Wirth*, Tex., 343 S.W.2d 226.

■ The trial court correctly held the Estate of Amanda Johnson had not proved title to the property, and correctly decreed titled vested in Booker.

■ Appellant's contention 3 asserts the trial court erred in holding the contract of insurance between Gulf and Amanda Johnson could be assigned to Booker without agreement by a legal representative of the Estate of Amanda.

The policy was originally payable to Amanda Johnson; Amanda deeded the property to Booker February 28, 1977; the deed was recorded March 18, 1977; on May 11, 1977, Gulf's Hillsboro agent, who sold the policy to Amanda, assigned the policy by endorsement on the policy to Booker; the house burned on July 25, 1977.

The trial court correctly awarded the insurance proceeds to Booker.

All appellant's points and contentions are overruled.

AFFIRMED.