RECEIVED IN
The Court of Appeals
Sixth District

MAY 19 2015

Texarkana, Texas
Debra Autrey, Clerk

# ORIGINAL

06-15-00006-CV

IN THE

## COURT OF APPEALS
## STATE OF TEXAS

| | | |
|---|---|---|
| The Tremble Family, | ) | Luminant Mining Company LLC, |
| Billie Murphy Tremble, | ) | Energy Future Holdings |
| Sharon Tremble Donaldson, | ) | Corporation and Subsidiaries |
| Selia Tremble Shawkey, | ) | |
| Wilmer Forrest Tremble, Jr. | ) | |
| The Estate of Wilmer Forrest Tremble, Sr. | ) | |
| Appellant(s) | ) | Appellee |

---

### APPELLANTS' OPENING BRIEF

---

Appeal from the Judgment
Rusk County District Court of Texas
Date December 16, 2014
Laury Mark, Deputy

The Tremble Family:

Billie Murphy Tremble
P.O. Box 541
Marshall, Texas 75671
billietremble@yahoo.com
903.938.6829

1

Sharon Tremble Donaldson
2010 Wineberry Drive
Katy, Texas 77450
donaldson_sharon@live.com
281.206.8400

Selia Tremble Shawkey
712 South 37th St.
San Diego, California 92113
seliashawkey@gmail.com
619.454.8123

Wilmer Forrest Tremble, Jr
P.O. Box 841865
Pearland, Texas 77584
trem455@yahoo.com
281.384.8491

# TABLE OF CONTENTS

INDEX OF AUTHORITIES...................................................................... 6

STATEMENT OF THE CASE.................................................................. 4
Nature of Action Sought

STATEMENT OF FACTS.....................................................................4, 5

SUMMARY OF ARGUMENT...............................................................5, 6

PRAYER............................................................................................7

ISSUES PRESENTED...........................................................................3

Questions Presented on Appeal:

I.      Whether the Appellant(s) were denied their constitutional and civil rights under the Uniform Partition of Heirs Property Act (UPHPA)?

II.     Did the district court err in the signing of Final Judgment without an open hearing to consider the evidence?

III.    Whether or not selective exclusion omitted the appellant(s) from any of the decision making processes?

IV.     Was there an error in the auctioning of undivided inherited heir property?

## STATEMENT OF THE CASE

### Nature of Action Sought

The Uniform Partition of Heirs Property Act (UPHPA) states: Any Co-tenant (except the co-tenant(s) requesting partition by sale may buy the interest of the co-tenant(s) seeking partition for a proportional share of the court determined fair market value. The co-tenants have 45 days to exercise the right of first refusal, and if exercised, another 60 days to arrange for financing. If more than one co-tenant elects to buy the shares of co-tenant(s) seeking partition, the court will pro-rate the sellers shares among the buyer according to their existing fractional ownership percentages. eHow; how to Partition Undivided Ownership. This option was never offered to the Appellant(s).

The Appellant(s) filed suit December 2014 disputing the possession of their undivided inherited heir property; the support is as follows: We are raising a genuine issue of material fact. All information recorded in Rusk County Clerk's Office pertaining to the land, interest, appraisal of the house was not known to the Appellant(s) until December 2013. Nottingham Brick & Title Company v. Butler (1889) 16QBD 778. We by law did not and were not privy to pertinent information. Smith v. Baker, 380 S.W.2d 725. The Trial Court granted defendant's Motion for Summary Judgment and degreed defendant title and possession of the land in controversy: and overruled plaintiffs' Motion for Summary Judgment.

The Appellant(s) Summary Judgment was issued resulting in a closed civil trial. The court issued a Final Judgment in favor of Luminant Mining Company, LLC, and the auction of the property was signed on December 16, 2014.

## STATEMENT OF FACT

The Appellant(s) filed a suit December 12, 2014 alleging Appellee has 100% ownership claim in their undivided, inherited, heir property. The documents are filed in the Rusk County Clerk's Office, Rusk County Appraisal District and in the Court House in Rusk County, Texas (Refer to Rusk County Appraisal District record). The deeding was on December 16, 2010 for 37.46 (33.094) acres originally owned by Emma Barr Pollard; 65 acres originally owned by W. M. Pollard; 25.326 acres originally owned by Betsy Barr Strong that acreage was deeded on December 21, 2010. All the 128.46 acres more or less were deeded by Emma Jean Trimble Smith aka Emma Jean Tremble Smith signed a Cash Warranty Deed on December 13, 2010 (Refer to Cash Warranty Deed) that was notarized by Russell Davis, contract Landman for Luminant Mining Company, LLc. (refer to Affidavit of Heirship). TD/B/C.2/AC.1/7p.11 para.9. Smith v. Land & House Property Corp. (1884) 28 Ch.D7. However, where the person giving the statement was in a position to know the true facts and it can be proved that he could not reasonably have held such a view as a result, then his opinion will be treated as a statement of fact. The Traditional Most Favoured Nations principle is designed to establish equity in treatment. Ms Smith is not nor has she ever been the Executor of the Estate, Administrator, nor Trustee. The possession of the heir property by the Appellee includes: the land, minerals, homestead-its contents, barn-its contents, cattle, timber, chicken coop, lakes, wells, etc., this formerly vibrant property now sits in ruin surrounded by debris.

## SUMMARY OF THE ARGUMENT

This is an action seeking declaratory judgment for civil and constitutional infringement, unfair business practices, tortuous interference, deliberate and unlawful conduct, namely: Since 2009 seeking to possess undivided inherited, heir, property. The relief sought is the return of the property and loss of income.

5

Tex.rcv tex.RTD.p.166. We by law were not privy to pertinent information from the Appellee. Erik L. Collins & Gretchen M. Smith, Awards of Damages of Mental Anguish Without Proof of Harm to Reputation. Any misrepresentation is grounds for rescission. Museprime Properties v. Adhill Properties [1990] 36 EG 114. In Smith v. Land & House Property Corp. (1884) 28 Ch.D7. However where the person giving the statement was in a position to know the true facts and it can be proved that he could not reasonably have held such a view as a result, then his opinion will be treated as a statement of fact.

The natural facts are relatively simple as a result of this long ordeal, the Appellant(s) lost and were deprived of great gains and profit which would otherwise have accrued to them, ie. cutting timber, cattle grazing, renting the house, etc. as a direct result of the documents filed in the Rusk County Court House in Rusk County, Texas.

## INDEX OF AUTHORITIES

CASES:

Erik L. Collins & Gretchen M. Smith, Awards of Damages of Mental
Anguish Without Proof of Harm to Reputation....................................................5

Museprime Properties v. Adhill Properties [1990] 36 EG 114........................5

Nottingham Brick & Title Company v. Butler (1889) 16QBD 778......................4

Smith v. Baker, 380 S.W.2d 725........................................................................4

Smith v. Land & House Property Corp. (1884) 28 Ch.D7...................................5

Tex.rcv tex.RTD.p.166........................................................................................5

ACT:

Uniform Partition of Heirs Property Act..................................................................5

OTHER DOCUMENTS:

Affidavit of Heirship..................................................................................................5

Cash Warranty Deed..................................................................................................5

Final Judgment..........................................................................................................4

Most Favoured Nations Principle..............................................................................5

Rusk County Appraisal District..................................................................................5

PRAYER:

It is our prayer that the Honorable Court will come to our rescue and not allow our undivided inherited property to become a statistic of African American inherited land taken by force. All these things are evident of a denial of justice and civil rights. A declaration that the acts of omission described herein violated Appellant(s) rights under the Constitution and laws of the United States. Our coveted Declaration of Independence says, "We hold these truths to be self evident, that all men are created equal..."The Virginia Declaration of Rights, authored by George Mason and approved by the Virginia Convention on June 12, 1776, contains the following: all men are by nature equally free and independent, and have certain inherent rights of life, liberty, which mean of acquiring and possessing property, and pursuing and obtaining happiness and safety." However, minorities have systematically been denied their land rights. Ownership of land has always been deemed a valuable economic resource that is and has been in many cases taken by violence, legal exploitation, and trickery. It is our fervent

prayer this land will remain in our family for generations to come and that we will be compensated for the loss of income due to the documents that are filed in Rusk County Court House, Rusk County, Texas. We the members of the Tremble Family throw ourselves on the mercy of the court. Amen.